[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 06-14599

_____

D.C. Docket No. 05-22510-CV-UUB

LEO C. HOLLINGSWORTH,

Petitioner-Appellant,

versus

ATTORNEY GENERAL OF FLORIDA,
Bill McCollum,
SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondents-Appellees.

------------------------
Appeal from the United States District Court for the
Southern District of Florida
------------------------

Before BLACK, BARKETT and PRYOR, Circuit Judges.

BY THE COURT:

On December 30, 2008, this Court granted Appellees' motion to stay this appeal pending the Supreme Court's disposition of Jimenez v. Quarterman, S.Ct.

Docket No. 07-6984.

On January 13, 2009, the Supreme Court issued its decision in Jimenez. See

Jimenez v. Quarterman, _ U.S. _, 129 S.Ct. 681 (2009). The Court held that,

> ...[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of [28 U.S.C.] § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

Id., 686-687. Direct review of the out-of-time appeal concludes when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if the prisoner elects not to pursue certiorari review, when the time for seeking certiorari expires.[1]  Id., 685-686.

---

[1] Jimenez v. Quarterman effectively abrogates Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000), to the extent that Coates held that the one-year filing period was not tolled during the ninety-day period in which a state prisoner could have but did not file a petition for a writ of certiorari in the United States Supreme Court. Under the prior panel precedent rule, "...a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

On February 24, 2009, Appellees filed a motion to remand for further proceedings in light of Jimenez v. Quarterman. Because Appellees concede in their motion that, under Jimenez v. Quarterman, Appellant's petition is not time-barred, the motion is construed as a confession of error.

Appellant objects to Appellees' motion to the extent that Appellees suggests that the district court, rather than this Court, should decide whether, in light of Jimenez v. Quarterman, the petition is time-barred; this objection is construed as a motion to vacate the district court's dismissal order before remanding for further proceedings.

Appellant's motion to vacate the district court's dismissal order is GRANTED. The July 17, 2006, order granting review of the magistrate's supplemental order to show cause and dismissing Appellant's petition as time-barred is hereby VACATED.

Appellees' motion for remand for further proceedings in light of Jimenez v. Quarterman is also GRANTED.

Appellant has asked this Court to publish its decision on the instant motions. Appellant's motion for publication is GRANTED.