# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2010

Charles R. Fulbruge III
Clerk

No. 06-11240
Summary Calendar

CARLOS JIMENEZ,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas, San Angelo
USDC No. 6:05-CV-52

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

The district court held that Carlos Jimenez's 28 U.S.C. § 2254 habeas petition was time-barred. The Supreme Court vacated this court's denial of Jimenez's application for a certificate of appealability ("COA") and remanded the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 06-11240

case for further proceedings. *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009). After the Supreme Court remanded the case, this court granted a COA to review the district court's decision that Jimenez's petition is time-barred. Both parties agree that the case should be remanded, in part, for further proceedings.

I.

In 1991, Jimenez pleaded guilty in Texas state court to burglary of a habitation. He was placed on deferred-adjudication probation for a term of five years. He did not appeal from the 1991 deferral proceeding.

In 1995, the state trial court revoked Jimenez's deferred-adjudication probation, adjudicated him guilty, and sentenced him to 43 years in prison. Jimenez's appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). Jimenez did not receive a copy of the *Anders* brief. The Texas Court of Appeals dismissed the appeal in September 1996.

Jimenez eventually learned that his appeal had been dismissed. In April 2002, he filed a state habeas application in which he sought leave to file an out-of-time appeal, arguing that he had been denied his right to an appeal because his appointed counsel had not informed him of the filing of an *Anders* brief. That September, the Texas Court of Criminal Appeals granted Jimenez the right to file an out-of-time appeal with respect to the 1995 adjudication and sentencing proceeding.

In his out-of-time appeal, Jimenez challenged both the 1991 deferral proceeding and the 1995 adjudication and sentencing proceeding. The state appellate court refused to consider Jimenez's claims related to the 1991 deferral proceeding because he failed to raise them in a timely appeal of the imposition of deferred adjudication probation. *Jimenez v. State*, 2003 WL 21087604, at *1 (Tex. App.–Austin 2003). The Court of Criminal Appeals denied Jimenez's petition for discretionary review ("PDR") on October 8, 2003.

No. 06-11240

Jimenez filed a second state habeas application on December 6, 2004. That petition was denied on June 29, 2005.

On July 19, 2005, Jimenez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged both the 1991 deferral proceeding and the 1995 adjudication and sentencing proceeding. The district court dismissed the petition as barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A) (establishing one-year period of limitation for filing a federal habeas application running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). With respect to Jimenez's claims regarding the 1991 deferral proceeding, the district court found that those claims were time-barred pursuant to *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (holding that a deferred adjudication is a separate, final judgment for purposes of triggering the § 2244(d)(1)(A) limitations period). With respect to Jimenez's challenge to the 1995 adjudication and sentencing proceeding, the district court found those claims to be time-barred because Jimenez's out-of-time appeal did not affect the finality of his conviction or reset the limitations period, pursuant to *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004) (stating that "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether"). This court denied a COA.

The Supreme Court of the United States granted certiorari, and vacated and remanded for further consideration. *Jimenez v. Quarterman*, 129 S. Ct. 684, 686-87 (2009). The Court held that under § 2244(d)(1)(A), direct review is not

No. 06-11240

concluded until the availability of a direct appeal is exhausted. *Jimenez*, 129 S.Ct. at 686. The Court concluded that when

> a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Id*. at 686-87. Following remand from the Supreme Court, this court granted a COA authorizing Jimenez to appeal the district court's determination that his federal habeas claims were time-barred. We now turn to consider that issue.

## II.

Both parties agree that this case should be remanded to the district court for further proceedings. Jimenez concedes that his claims regarding his 1991 guilty plea and judgment of deferred adjudication are barred by the statute of limitations and will not be pursued further. Instead, he requests that the case be remanded to the district court for an initial consideration of his habeas claims regarding the 1995 revocation of deferred adjudication. The State agrees that Jimenez's claims challenging the 1991 deferral proceeding are untimely, and it also agrees that his claims challenging the 1995 revocation are timely[1] and that

---

[1] The Texas Court of Criminal Appeals denied Jimenez's PDR on October 8, 2003. His conviction became final on January 6, 2004, when the time for seeking certiorari review expired. *Jimenez*, 129 S. Ct. at 686. Accordingly, Jimenez had until January 6, 2005, to file his federal habeas petition. The State concedes that the one-year limitations period was tolled until June 29, 2005, during the pendency of Jimenez's second state habeas application that was filed on December 6, 2004. The State concedes further that the deadline for Jimenez's federal habeas application was August 1, 2005, and that the petition was timely filed on July 19, 2005.

4

the case should be remanded to the district court for initial consideration of those claims.

In the light of the parties' agreement, and our own review of the record and the Supreme Court's decision, we AFFIRM the district court's judgment insofar as it dismissed as time-barred Jimenez's claims challenging his 1991 guilty plea and judgment of deferred adjudication. The district court's judgment is VACATED insofar as it dismissed as time-barred Jimenez's claims challenging the 1995 revocation and sentencing, and the case is REMANDED to the district court for consideration of those claims in the first instance.

AFFIRMED in part; VACATED in part; and REMANDED.