FILED
United States Court of Appeals
Tenth Circuit

March 9, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SAMUEL TRUJILLO,

      Petitioner-Appellant,

v.

GREG PROVINCE, Warden,

      Respondent-Appellee.

No. 09-6234

(D.C. No. CV-09-00625-R)
(W. D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Samuel Trujillo, an Oklahoma state prisoner appearing *pro se*, seeks a certificate of appealability ("COA") so that he might challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. Exercising jurisdiction pursuant to 28 U.S.C. § 2253(c)(1), we DENY the request for a COA and DISMISS Trujillo's appeal.

**I.**

In June 2003, an Oklahoma jury convicted Trujillo of Trafficking in a Controlled Substance (Methamphetamine) After Conviction of Two or More Drug

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Related Felonies in violation of Okla. Stat. tit. 63, § 2-415(D)(3). Trujillo was sentenced to life imprisonment without the possibility of parole. On January 18, 2005, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Trujillo's conviction and sentence on direct appeal. On February 7, 2005, Trujillo sought leave to file a *pro se* petition for rehearing of his direct appeal. The OCCA denied Trujillo's motion on February 18, 2005, noting that pursuant to Rule 3.14 of the Rules of the Oklahoma Court of Criminal Appeals, petitions for rehearing must be filed "by the attorney of record." See ROA, Vol. 1, at 96-97. Trujillo then filed a document with the OCCA which was captioned as a Petition for Review With Order to Recall Mandate. See id. at 98-102. In response, however, the clerk advised Trujillo that "the mandate is a final order and nothing else can be filed." See id. at 104. Thus, Trujillo never actually filed a petition for rehearing for the OCCA to consider on the merits. Accordingly, his conviction became final and the one-year period in which he had to file his § 2254 petition began to run on April 18, 2005, when the ninety-day period he had to file a petition for writ of certiorari in the United States Supreme Court regarding his direct appeal expired. See 28 U.S.C. § 2244(d)(1)(A); Jimenez v. Quarterman, – U.S. –, 129 S. Ct. 681, 686 (2009) ("[I]t was not until . . . time for seeking certiorari review in this Court expired, that petitioner's conviction became 'final' . . . under § 2244(d)(1)(A)." (quotation omitted)).

On May 25, 2006, more than one year after his conviction had become

2

final, Trujillo filed an application for state post-conviction relief. The state district court denied his application on August 16, 2006. The OCCA then granted Trujillo an out-of-time appeal, but ultimately affirmed the denial of state post-conviction relief on February 17, 2009. Almost four months later, on June 12, 2009, Trujillo filed his § 2254 petition in the federal district court alleging six grounds for relief including, *inter alia*, ineffective assistance of counsel, prosecutorial misconduct, and/or cumulative error.

The respondent moved to dismiss Trujillo's petition, arguing that it was untimely filed. After receiving Trujillo's response, the magistrate judge prepared a Report and Recommendation which the district court adopted in its entirety, and which concluded both that Trujillo's petition is time barred under 28 U.S.C. § 2244(d)(1)(A) and that he is not entitled to equitable tolling. The district court then denied Trujillo's request for a COA.

## II.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a COA is a jurisdictional prerequisite to our review of the dismissal of a § 2254 petition. See 28 U.S.C. § 2253(c)(1)(A); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). However, we will issue a COA only if the petitioner has made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a petition on procedural grounds, in order to make such a showing, the petitioner "must demonstrate . . .

3

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Clark, 468 F.3d at 713 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). In determining whether Trujillo has made such a showing, "[w]e review the district court's factual findings for clear error and its legal conclusions *de novo*." Id. at 714.

Because Trujillo's § 2254 petition was filed more than one year after his conviction became final, there is no doubt that it was untimely. See 28 U.S.C. § 2244(d)(1)(A). Moreover, because Trujillo's state post-conviction petition was also filed more than one year after his conviction became final, it is clear that the statutory tolling of § 2244(d)(2) is inapplicable. AEDPA's one-year limitation for § 2254 petitions is, however, nonjurisdictional, and thus, it is also subject to equitable tolling in certain "rare and exceptional circumstances." See Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007). Because, in pursuit of a COA, Trujillo has abandoned his claims relating to actual innocence, in order to be entitled to equitable tolling, he must demonstrate "both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." See Clark, 468 F.3d at 714.

Trujillo has provided a time line which meticulously details his pursuit of both appellate and post-conviction relief. It appears that Trujillo believes that this document demonstrates that through no fault of his own, he was unable to file his state post-conviction petition in time to toll the statute of limitations on his §

4

2254 petition pursuant to § 2244(d)(2), and accordingly, that he is entitled to equitable tolling. However, the magistrate judge's Report and Recommendation concluded that even in light of his time line, Trujillo "failed to demonstrate any extraordinary circumstances beyond his control that prevented him from timely filing his petition." ROA, Vol. 1, at 303. We agree.

Indeed, Trujillo's time line appears to indicate that his inability to avail himself of statutory tolling was the result of the fact that he did nothing to pursue his post-conviction claims in the more than six months between March 7, 2005 and September 19, 2005, or the more than six months between November 9, 2005 and May 25, 2006, see Attachment to Aplt.'s Op. Br. at 2-3, and the fact that he lost time by mistakenly seeking leave to file a *pro se* petition for rehearing of his direct appeal. Moreover, we note that Trujillo's time line also indicates that he did nothing to pursue his federal post-conviction claims in the nearly four-month period between the time the OCCA affirmed his denial of state post-conviction relief on February 17, 2009, and the time he filed his deficient § 2254 petition on June 9, 2009. See id. at 9. Based on this record, we conclude that no jurist of reason would debate the district court's conclusion that Trujillo has "failed to demonstrate any extraordinary circumstances beyond his control that prevented him from timely filing his petition," see ROA, Vol. 1, at 303, and that accordingly, he is not entitled to equitable tolling.

As a final note, because, absent a COA, we lack jurisdiction to entertain

5

Trujillo's appeal, we cannot consider his contention that "AEDPA is an unreasonable suspension of the right to seek habeas corpus relief, contrary to Article III of the U.S. Constitution." <u>See</u> Aplt. Op. Br. at 3.

## III.

Trujillo's request for a COA is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge