(Slip Opinion)     OCTOBER TERM, 2008     1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## JIMENEZ *v.* QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 07–6984.   Argued November 4, 2008—Decided January 13, 2009

After petitioner's state conviction for burglary became final on October 11, 1996, the state appellate court held in state habeas proceedings that petitioner had been denied his right to appeal and granted him the right to file an out-of-time appeal. He filed the appeal, his conviction was affirmed, and his time for seeking certiorari in this Court expired on January 6, 2004. Petitioner filed a second state habeas application on December 6, 2004, which was denied 355 days later, on June 29, 2005. He then filed a federal habeas petition on July 19, 2005, relying on 28 U. S. C. §2244(d)(1)(A) to establish its timeliness. Section 2244(d)(1)(A) provides that the one-year limitations period for seeking review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner argued that his judgment became final on January 6, 2004, when time expired for seeking certiorari review of the decision in his out-of-time appeal, and that his July 19, 2005, petition was timely because the calculation of AEDPA's 1-year limitation period excludes the 355 days "during which [his] properly filed application for State post-conviction . . . review . . . [was] pending," §2244(d)(2). The District Court disagreed, ruling that the proper start date for calculating AEDPA's 1-year limitations period under §2244(d)(1)(A) was October 11, 1996, when petitioner's conviction first became final. The District Court dismissed the federal habeas petition as time barred. The Fifth Circuit denied petitioner's request for a certificate of appealability.

Syllabus

*Held:* Where a state court grants a criminal defendant the right to file
an out-of-time direct appeal during state collateral review, but before
the defendant has first sought federal habeas relief, his judgment is
not "final" for purposes of §2244(d)(1)(A) until the conclusion of the
out-of-time direct appeal, or the expiration of the time for seeking
certiorari review of that appeal. This Court must enforce plain statu-
tory language according to its terms. See, *e.g.*, *Lamie* v. *United
States Trustee*, 540 U. S. 526, 534. Under §2244(d)(1)(A)'s plain lan-
guage, once the Texas Court of Criminal Appeals reopened direct re-
view of petitioner's conviction on September 25, 2002, the conviction
was no longer final for §2244(d)(1)(A) purposes. Rather, the order
granting an out-of-time appeal restored the pendency of the direct
appeal, and petitioner's conviction was again capable of modification
through direct appeal to the state courts and to this Court on certio-
rari review. Therefore, it was not until January 6, 2004, when time
for seeking certiorari review of the decision in the out-of-time appeal
expired, that petitioner's conviction became "final" through "the con-
clusion of direct review or the expiration of the time for seeking such
review" under §2244(d)(1)(A). The Court rejects respondent's argu-
ment that using the later date created by the state court's decision to
reopen direct review, thus resetting AEDPA's 1-year limitations pe-
riod, undermines the policy of finality that Congress established in
§2244(d)(1). See *Carey* v. *Saffold*, 536 U. S. 214, 220. Pp. 5–8.

Reversed and remanded.

THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 07–6984

_____

## CARLOS JIMENEZ, PETITIONER *v.* NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPART- MENT OF CRIMINAL JUSTICE, CORREC- TIONAL INSTITUTIONS DIVISION

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

[January 13, 2009]

JUSTICE THOMAS delivered the opinion of the Court.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates. 28 U. S. C. §2244(d)(1). This case involves the date provided by §2244(d)(1)(A), which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner contends that "the date on which the judgment became final" can be postponed by a state court's decision during collateral review to grant a defendant the right to file an out-of-time direct appeal. The District Court disagreed, holding instead that the date could not be moved to reflect the out-of-time appeal, and that petitioner's federal habeas petition was untimely for that reason. The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability. See §2253(c). We now reverse the judgment of the Court of Appeals and remand for

further proceedings consistent with this opinion.

## I

After petitioner was sentenced for burglary in 1995, his attorney filed an appellate brief with the Texas Court of Appeals pursuant to *Anders* v. *California*, 386 U. S. 738 (1967), explaining that he was unable to identify any nonfrivolous ground on which to base an appeal.[1] He left a copy of the brief and a letter (advising petitioner of his right to file a *pro se* brief as set forth in *Anders*, *id.,* at 744) at the county jail where he believed petitioner to be. Petitioner, however, had been transferred to a state facility and did not receive the delivery. The Texas Court of Appeals dismissed the appeal on September 11, 1996, and served petitioner with notice of the dismissal at the county-jail address that, again, was the wrong address.

Petitioner eventually learned that his appeal had been dismissed. He filed an application in state court for a writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann., Art. 11.07 (Vernon 1977), arguing that he was denied his right to a meaningful appeal when he was denied the

---

[1] Petitioner was indicted in August 1991 for felony burglary of a habitation, in violation of Tex. Penal Code Ann. §30.02 (Vernon 1989), enhanced by a prior felony conviction for aggravated assault with a deadly weapon under Tex. Penal Code Ann. §12.42(c) (Vernon 1974). He entered a plea agreement in which he agreed to plead guilty to the burglary and true to the enhancement in exchange for an order of deferred adjudication. In November 1991, the trial court deferred adjudication of the burglary conviction and ordered that petitioner serve five years of deferred-adjudication probation. In March 1995, the State moved to revoke petitioner's probation based on four alleged violations of the conditions of his probation. At a November 1995 hearing, petitioner admitted to two of the violations. The court then heard testimony with respect to the other two violations and found that petitioner had committed those violations as well. The court revoked petitioner's deferred-adjudication probation, adjudicated him guilty of the enhanced burglary, and sentenced him to a 43-year term of imprisonment.

opportunity to file a *pro se* brief. The Texas Court of Criminal Appeals agreed and, on September 25, 2002, granted petitioner the right to file an out-of-time appeal:

> "[Petitioner] is entitled to an out-of-time appeal in cause number CR–91–0528–B in the 119th Judicial District Court of Tom Green County. [Petitioner] is ordered returned to that point in time at which he may give written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the sentence had been imposed on the date that the mandate of this Court issues." *Ex parte Jimenez,* No. 74,433 *(per curiam)*, App. 26, 27.

Petitioner thereafter filed the out-of-time appeal. His conviction was affirmed. The Texas Court of Criminal Appeals denied discretionary review on October 8, 2003. Time for seeking certiorari review of that decision with this Court expired on January 6, 2004. On December 6, 2004, petitioner filed a second application for a writ of habeas corpus in state court; it was denied on June 29, 2005.

Petitioner then filed a federal petition for a writ of habeas corpus on July 19, 2005. To establish the timeliness of his petition, he relied on 28 U. S. C. §2244(d)(1)(A), which provides "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as the trigger for AEDPA's 1-year limitations period. Petitioner argued that his judgment thus became final on January 6, 2004,[2] when time expired for seeking certiorari review of the decision in his out-of-time appeal. Until that date, petitioner ar-

––––––––
[2] In the District Court, petitioner contended that this date was January 8, 2004, but petitioner's time for seeking certiorari review actually expired two days earlier.

gued, direct review of his state-court conviction was not complete.

With January 6, 2004, as the start date, petitioner contended that his July 19, 2005, petition was timely because the statute excludes from the 1-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." §2244(d)(2). Petitioner had a state habeas application pending from December 6, 2004, through June 29, 2005, so less than one year of included time—specifically, 355 days—passed between January 6, 2004, and July 19, 2005.

The District Court disagreed and dismissed the federal habeas petition as time barred. In the District Court's view, the proper start date for AEDPA's 1-year limitations period was October 11, 1996, when time for seeking discretionary review of the decision in petitioner's first direct appeal expired. The District Court concluded that it could not take into account the Texas court's later decision reopening petitioner's direct appeal because Circuit precedent established that "'AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.'" Order, Civ. Action No. 6:05–CV–05–C (ND Tex., Oct. 23, 2006), App. 75, 90 (quoting *Salinas* v. *Dretke*, 354 F. 3d 425, 429 (CA5 2004)). Therefore, the District Court reasoned, the limitations period began on October 11, 1996, and ended on October 11, 1997, because petitioner had not sought any state or federal collateral review by that date.

The Court of Appeals denied petitioner's request for a certificate of appealability, finding that he had "failed to demonstrate that reasonable jurists would debate the correctness of the district court's conclusion that the §2254 petition is time-barred." Order, No. 06–11240, (May 25,

2007), App. 124, 125. We granted certiorari, 552 U. S. \_\_\_ (2008), and now reverse and remand for further proceedings.[3]

## II

As with any question of statutory interpretation, our analysis begins with the plain language of the statute. *Lamie* v. *United States Trustee*, 540 U. S. 526, 534 (2004). It is well established that, when the statutory language is plain, we must enforce it according to its terms. See, *e.g.*, *Dodd* v. *United States*, 545 U. S. 353, 359 (2005); *Lamie, supra,* at 534; *Hartford Underwriters Ins. Co.* v. *Union Planters Bank, N. A.*, 530 U. S. 1, 6 (2000); *Caminetti* v. *United States*, 242 U. S. 470, 485 (1917).

The parties agree that the statutory provision that determines the timeliness of petitioner's habeas petition is 28 U. S. C. §2244(d)(1)(A). That subsection defines the starting date for purposes of the 1-year AEDPA limitations period as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The only disputed question before us is whether the date on which direct review became "final" under the statute is October 11, 1996, when petitioner's conviction initially became final,

---

[3] We do not decide whether petitioner is entitled to a certificate of appealability on remand because we are presented solely with the Court of Appeals' decision on the timeliness of the petition under 28 U. S. C. §2244(d). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," as here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack* v. *McDaniel*, 529 U. S. 473, 484 (2000) (emphasis added). We make no judgment regarding the merits of petitioner's federal constitutional claims.

or January 6, 2004, when the out-of-time appeal granted by the Texas Court of Criminal Appeals became final. We agree with petitioner that, under the plain meaning of the statutory text, the latter date controls.

Finality is a concept that has been "variously defined; like many legal terms, its precise meaning depends on context." *Clay* v. *United States*, 537 U. S. 522, 527 (2003). But here, the finality of a state-court judgment is expressly defined by statute as "the conclusion of direct review or the expiration of the time for seeking such review." §2244(d)(1)(A).

With respect to postconviction relief for federal prisoners, this Court has held that the conclusion of direct review occurs when "this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." *Id.,* at 527, 528–532 (interpreting §2255, ¶6(1)). We have further held that if the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when "the time for filing a certiorari petition expires." *Id.,* at 527. In construing the similar language of §2244(d)(1)(A), we see no reason to depart from this settled understanding, which comports with the most natural reading of the statutory text. See *Lawrence* v. *Florida*, 549 U. S. 327, 332–335 (2007) (citing *Clay*, *supra,* at 528, n. 3). As a result, direct review cannot conclude for purposes of §2244(d)(1)(A) until the "availability of direct appeal to the state courts," *Caspari* v. *Bohlen*, 510 U. S. 383, 390 (1994), and to this Court, *Lawrence*, *supra,* at 332–333, has been exhausted. Until that time, the "process of direct review" has not "com[e] to an end" and "a presumption of finality and legality" cannot yet have "attache[d] to the conviction and sentence," *Barefoot* v. *Estelle*, 463 U. S. 880, 887 (1983).

Under the statutory definition, therefore, once the Texas Court of Criminal Appeals reopened direct review of peti-

tioner's conviction on September 25, 2002,[4] petitioner's conviction was no longer final for purposes of §2244(d)(1)(A). Rather, the order "granting an out-of-time appeal restore[d] the pendency of the direct appeal," *Ex parte Torres*, 943 S. W. 2d 469, 472 (Tex. Crim. App. 1997), and petitioner's conviction was again capable of modification through direct appeal to the state courts and to this Court on certiorari review. Therefore, it was not until January 6, 2004, when time for seeking certiorari review in this Court expired, that petitioner's conviction became "final" through "the conclusion of direct review or the expiration of the time for seeking such review" under §2244(d)(1)(A).

Respondent objects, observing that the Court has previously acknowledged Congress' intent "to advance the finality of criminal convictions" with the "tight time line" of §2244(d)(1)(A), *Mayle* v. *Felix*, 545 U. S. 644, 662 (2005), which "pinpoint[s]" a uniform federal date of finality that does not "vary from State to State," *Clay*, *supra,* at 530, 531. In respondent's view, permitting a state court to reopen direct review, and thus reset AEDPA's 1-year limitations period, undermines the policy of finality that Congress established in §2244(d)(1). But it is the plain language of §2244(d)(1) that pinpoints the uniform date of finality set by Congress. And that language points to the

————————

[4] We do not here decide whether petitioner could have sought timely federal habeas relief between October 11, 1997, when the 1-year limitations period initially expired, and September 25, 2002, when the state court ordered that his direct review be reopened. Were such a petition timely, though, it would not be through application of §2244(d)(1)(A) because we have previously held that the possibility that a state court may reopen direct review "does not render convictions and sentences that are no longer subject to direct review nonfinal," *Beard* v. *Banks*, 542 U. S. 406, 412 (2004). We do not depart from that rule here; we merely hold that, where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of §2244(d)(1)(A) during the pendency of the reopened appeal.

conclusion of direct appellate proceedings in state court. The statute thus carries out "AEDPA's goal of promoting 'comity, finality, and federalism' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'" *Carey* v. *Saffold*, 536 U. S. 214, 220 (2002) (quoting *Williams* v. *Taylor*, 529 U. S. 420, 436 (2000); *O'Sullivan* v. *Boerckel*, 526 U. S. 838, 844–845 (1999); citation omitted). The statute requires a federal court, presented with an individual's first petition for habeas relief, to make use of the date on which the entirety of the state direct appellate review process was completed. Here, that date was January 6, 2004.

\*    \*    \*

Our decision today is a narrow one. We hold that, where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of §2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal. Because the Court of Appeals denied a certificate of appealability based on a contrary reading of the statute, we reverse the judgment and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*