

**2009 Decisions**

**Opinions of the United States Court of Appeals for the Third Circuit**

3-20-2009

# USA v. George Blood

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. George Blood" (2009). *2009 Decisions*. Paper 1715.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1715

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4101
_____

UNITED STATES OF AMERICA

v.

GEORGE BLOOD,

Appellant


_____


On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 04-00061)
District Judge:  Honorable Gregory M. Sleet

_____


Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
Opinion filed: March 20, 2009
_____

OPINION
_____


PER CURIAM.

        Appellant George Blood ("Blood") was convicted in the District Court for

the District of Delaware on six counts of wire fraud, three counts of mail fraud, and three

counts of illegal monetary transactions. He was sentenced to 78 months of imprisonment, three years of supervised release, a $1,200 special assessment, and restitution of $270,400. On May 16, 2008, Blood filed a motion to dismiss the superseding indictments against him pursuant to Fed. R. Crim. P. Rule 12(b)(3)(B). On June 23, 2008, he filed a motion to "correct errors in the record" pursuant to Fed. R. Crim. P. Rule 36. The District Court denied both motions on September 22, 2008, and Blood appealed from that order. For the reasons that follow, we will affirm.

Fed. R. Crim. P. Rule 12(b)(3)(B) states, in pertinent part, that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." (emphasis added). The District Court entered its judgment and commitment order on March 16, 2006, and our affirmance was entered on September 11, 2007. Blood did not file a petition for certiorari with the Supreme Court. The District Court correctly found that when Blood filed his Rule 12(b)(3)(B) motion, over eight months after we entered judgment, his case was no longer pending, and thus relief under that Rule was unavailable to him. Cf. Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009) (conclusion of direct review for federal prisoner occurs when Supreme Court affirms conviction on the merits, denies petition for certiorari, or when time for filing certiorari petition expires).

With regard to Blood's Rule 36 motion, the District Court correctly found that Blood had failed to identify a "clerical error in [the] judgment, order, or other part of

2

the record," or "an error in the record arising from oversight or omission." Fed. R. Crim. P. Rule 36. Specifically, neither the District Court's designation of Blood's case as "closed," nor its inclusion of Richard G. Andrews and Douglas Edward McCann as attorneys representing the United States, are errors requiring correction.

There being no substantial question presented by Burnam's appeal, we will grant the Government's motion and summarily affirm the District Court's order. See LAR 27.4; I.O.P. 10.6.