**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-10131

GUY BERNARD MUNSCH

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-682

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The Supreme Court vacated this court's 11 December 2007 order denying
Guy Bernard Munsch, II, a certificate of appealability, and remanded this
matter for further consideration in the light of *Jimenez v. Quarterman*, 129 S.Ct.
681, – U.S. – (13 January 2009). We VACATE the district court's 9 January

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

2007 judgment dismissing Munsch's 28 U.S.C. § 2254 petition, and REMAND this matter to the district court.

A Texas-state jury convicted Munsch in 1999 of, *inter alia*, aggravated sexual assault of a child. This judgment was affirmed by the Second District Court of Appeals of Texas in 2001. Munsch did not file a petition for discretionary review by the Texas Court of Criminal Appeals within 30 days, as required by Texas law.

Munsch subsequently filed a motion for state habeas relief, contending counsel had been ineffective because of, *inter alia*, a failure to timely notify Munsch of his right to petition for discretionary review. The Court of Criminal Appeals granted this motion, permitting Munsch to petition for discretionary review in 2004. The Court of Criminal Appeals denied this petition in 2005, and Munsch filed this federal habeas petition in 2006

Federal habeas petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). For Munsch, the limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". 28 U.S.C. § 2244(d)(1)(a). The magistrate judge recommended: this period began on 25 June 2001, the deadline for Munsch to have petitioned for discretionary review by the Court of Criminal Appeals; and, accordingly, Munsch's 2004 federal habeas petition was time-barred. The magistrate judge relied on *Salinas v. Dretke*, 354 F.3d 425, 430-31 (5th Cir. 2004), in stating: "The fact that Munsch was granted an out-of-time petition for discretionary review as a result of his first state habeas action does not effect the running of the limitations period". The district judge accepted the magistrate judge's recommendation.

*Jimenez* held: "Where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final'

for purposes of § 2244(d)(1)(A)". 129 S.Ct. at 686. Accordingly, we VACATE the district court judgment dismissing Munsch's petition; and REMAND for further proceedings consistent with *Jimenez*.

VACATED and REMANDED.