**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-50572
Summary Calendar

ROLAND CHAMPION,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-318

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Roland Champion of aggravated sexual assault as well as indecency with a child, and he was sentenced to serve 25 years in prison for these offenses. Initially, Champion did not appeal his criminal judgment, but the Texas Court of Criminal Appeals later granted him authorization to proceed with an out-of-time appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The instant appeal arises from the district court's denial of Champion's 28 U.S.C. § 2254 habeas corpus petition as untimely. This denial was grounded in the district court's determination that Champion's out-of-time direct appeal did not toll the period for filing his § 2254 petition or otherwise affect the limitations period found in 28 U.S.C. § 2244(d). Champion argues that this decision was incorrect and that the time for filing his § 2254 petition began to run after the conclusion of proceedings related to his out-of-time direct appeal.

This court conducts a de novo review of the district court's determination that Champion's § 2254 petition was untimely. *See Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001). *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), which was decided after the district court denied Champion's § 2254 petition, is dispositive. *Jimenez* instructs that, in cases such as this, the one-year limitations period in § 2244(d)(1)(A) begins to run when the out-of-time appeal becomes final. 129 S. Ct. at 686-87. As a result, the district court's contrary determination was erroneous. *See id.* Consequently, the judgment of the district court is VACATED, and this case is REMANDED for further proceedings consistent with *Jimenez*. We express no opinion on the ultimate disposition of Champion's § 2254 petition.