# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

Lyle W. Cayce
Clerk

No. 09-30019
Summary Calendar

KATHLEEN JENNINGS,

Petitioner–Appellant,

v.

JIM ROGERS, Warden, Louisiana Correctional Institute for Women,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CV-304

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kathleen Jennings, Louisiana prisoner # 468423, appeals the dismissal, as time barred, of her 28 U.S.C. § 2254 petition, which she filed to challenge her jury trial conviction of second degree murder. Jennings contends that her § 2254 petition was timely in light of *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009).

A one-year limitations period applies to state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period runs from the date that the conviction being challenged became final through

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30019

"the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under *Jimenez*, when a habeas petitioner is granted the right to file an out-of-time appeal, "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review' must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Jimenez*, 129 S. Ct. at 686-87 (quoting 28 U.S.C. § 2244(d)(1)(A)).

Accordingly, Jennings' one-year limitation period began to run upon expiration of the 90-day period for seeking a writ of certiorari from the United States Supreme Court following the Louisiana Supreme Court's denial, on direct review, of her writ application. *See* SUP. CT. R. 13.1. In view of the foregoing, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

Jennings also argues the merits of her constitutional claims. Because a COA was not granted as to these issues, we will not consider them in this appeal. *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

JUDGMENT REVERSED; CASE REMANDED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.