82,778-01

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

OCT 09 2014

TIME_____
BY_____ DEPUTY

NO.C-396-010272-1152016-A

§   IN THE 396th JUDICIAL

§

§   DISTRICT COURT OF

§

DESMOND LEDET                    §   TARRANT COUNTY, TX

**APPLICANT'S SUBSEQUENT REQUEST FOR A "FULL AND FAIR" LIVE EVI-
DENTIARY HEARING; SPECIFICALLY IN THIS PARTICULAR REQUEST TO RE-
SOLVE PREVIOUSLY UNRESOLVED FACTS, AND TO DEVELOP THE FACTS IN
STATE COURT, WHICH ARE MATERIAL TO THE LEGALITY OF APPLICANT'S
CONFINEMENT AS THOSE FACTS PERTAIN TO HIS PRESENT GROUNDS #27-29**

TO THE ABOVE SAID HONORABLE HABEAS CORPUS TRIAL COURT:

**COMES NOW DESMOND LEDET, APPLICANT IN THE ABOVE SAID CAUSE,**

and respectfully presents this subsequent and urgent request for

a live evidentiary hearing in regards to his present grounds in

which he asserts: (1) **THE STATE ILLEGALLY BOLSTERED THE COM-

PLAINANT'S CREDIBILITY IN THIS HE-SAY-SHE-SAY TRIAL WITH FALSE

INFORMATION DURING OPENING & CLOSING ARGUMENTS CLAIMING THAT SHE

HAD NEVER BEEN CONVICTED OF ANYTHING**(misdemeanor or felony)(now

Grounds #27 & 28 of present writ) and (2) **THE STATE HAVING IMPU-

TED KNOWLEDGE OF THE COMPLAINANT'S EXTENSIVE CONVICTION RECORD

PRESENTED FALSE AND MISLEADING TESTIMONY THROUGH IT'S WITNESS(**

Detective O'Brien)**DURING THE TRIAL BEFORE THE JURY**(alleging she

had never been convicted of anything)(present Ground #29). See

the following short list of reasons for the hearing:

1: The Applicant has already presented police reports that
are in the writ memorandum's appendix that prove by clear
and convincing indisputable evidence that the complainant,
prior to trial had already been convicted of multiple mis-
demeanors  See Grounds #27-29,(**and reports cited therein**)

2. The Applicant has also informed this court on page **15V**
in his writ Application that what is in the above reports
"is not exhaustive of Lee's conviction history" and attached
a 6 page exhibit(now attached to this motion) proving the
state refuses to disclose Lee's criminal history(Exhibit P).

**PAGE 1 OF 15 (p.10-15 is Ex. P)**

3. considering the above, the Applicant has made a plausible showing that material records exist showing more convictions(misdemeanor, etc.) and **THE HABEAS CORPUS FACTFINDER AS WELL AS THE APPLICANT SHOULD BOTH BE ALLOWED AN IN CAMERA REVIEW OF ALL THE INFORMATION IN THE STATE'S POSSESSION THAT REVEAL THE FULL EXTENT OF MELVINNA LEE'S CONVICTION RECORD. IN CAMERA REVIEW AT MINIMUM(COPIES TOO IF POSSIBLE)**

4. Since the State specified **NO CONVICTIONS**(instead of saying NO FELONIES or NO MISDEMEANORS) all convictions whether class A, B, or C misdemeanor, or felony are included.

5. The Applicant also asserted on page **14W** of the writ Application that the above said "**facts and reports are not exhaustive of Melvinna Lee's record but sufficient to show that she did have convictions and the jury was misled...**"

**6.** On page **15W** of the writ Application the Applicant has already put this court on notice that Michelle M. Kretz(Assistant City Attorney of Fort Worth,TX) opposed and refused to turn over any conviction record(misdemeanor, etc. of the complainant) and directed the court to see Exhibit P in the memorandum's appendix(now attached at end of this motion).

7. Credibility was the deciding factor of this trial based on the 2nd District Court of Appeals in Fort Worth's own admission in their opinion on direct appeal. The probability that the Applicant would have been found not guilty had the jury never been deceived with false information bolstering Lee's credibility is high.

8. **IT WILL BE IMPOSSIBLE FOR THE FACT FINDER TO RESOLVE THESE GROUNDS;OR HAND DOWN COMPLETE FACTS; OR MEASURE THE EXTENT OF THE PREJUDICE TO THE APPLICANT UNTIL THE FULL EXTENT OF LEE'S CONVICTION RECORD**(misdemeanor/felony,etc.)is **EXPOSED IN A LIVE EVIDENTIARY HEARING RIGHT NOW IN STATE COURT. FOR REVIEW BY THE FACTFINDER AND APPLICANT.**

9. Without a hearing to develop these hidden and suppressed facts it will be impossible to determine the full extent of the State's deception,**or** the full extent of the DUE PROCESS violations. The Applicant has raised CUMULATIVE ERROR(#34) and each conviction the jury was misinformed about should be considered **cumulatively, not item by item. WHICH IS IMPOSSIBLE UNLESS ALL OF HER CONVICTIONS ARE ON THE TABLE BEFORE THE FACT FINDER.**

Respectfully unless the Applicant has this requested live evidentiary hearing, the Applicant will be deprived of a **"FULL AND FAIR"** hearing in the State regarding these Constitutional violations. See <u>Clark v. Johnson</u>, 202 F.3d 760, 766(5th Cir.2000)(citing <u>Moawad v. Anderson,</u> 143 F.3d 942,948(5th Cir.1998)("To find

an abuse of discretion which would entitle...[petitioner]to discovery and an evidentiary hearing to prove his contentions, we would necessarily have to find that the state did not provide him with a **full and fair hearing."**). These habeas matters are simple and can be resolved now in State court by way of the live evidentiary hearing. It is important to note that although the Applicant has presented remarkable evidence proving the complainant has multiple convictions, the record of all of those convictions is not in the record, thus the record is not developed in this regard. The present facts before the court more than warrant and justify the holding of a live evidentiary hearing in which the record can be developed with live testimony, cross examination, and discovery. See **Ex parte Ghahremani, 332 S.W. 3d 470, 474-476(Tex.Crim.App.2011)**(Similar issue resolved by way of the live evidentiary hearing).

The <u>Applicant literally begs this honorable court</u> for a live evidentiary hearing in this matter. The Applicant has "**made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."** <u>Williams v. Taylor</u>, 529 U.S. 420, 435(2000)(Michael Williams).

The requested hearing could enable the Applicant to prove the writs factual allegations, which, if true, would entitle the Applicant to habeas relief, thus the granting of the hearing is appropriate.

The Applicant has also filed along with this motion a motion requesting the Court to **COMPEL the State to turn over Lee's full conviction record(misdemeanor/felony).**

Respectfully stated, the Supreme Court has consistently held that evidentiary hearings are essential for determinations of credibility. See Richardson v. Wright, 405 U.S. 208, 219(1972) (Brennan J. dissenting)(citing Goldberg v. Kelly, 397 U.S. 254 (1970)(the right to cross examination rest largely on "credibility and veracity," i.e. where "facts are at issue"). The Applicant has already proven and shown this honorable Court that the State was untruthfull in opening and closing arguments (grounded in the fact that the State argued she had NO convictions, yet Applicant has already presented the above mentioned records proving that was not true). On that same basis the Applicant has already proven that when the Detective who testified for the State informed the jury Lee had no convictions, that the State via that Detective presented false and misleading material evidence. **THUS THE CREDIBILITY OF THE STATE IS ALREADY IN SERIOUS QUESTION INDISPUTABLY. IN OTHER WORDS A LIVE EVIDENTIARY HEARING IS IN DEMAND AND ANY PROPOSED FINDINGS OF FACT PRESENTED BY THE STATE ON PAPER OPPOSING THE EXISTENCE OF UNDISCLOSED CONVICTIONS(misdemeanor,etc.)CAN NOT FAIRLY BE ADOPTED OR ACCEPTED AS TRUE BY THIS HONORABLE COURT, DUE TO THE FACT THE STATE HAS ALREADY BEEN SHOWN TO BE UNCREDIBLE IN THIS CONST- VIOLATING MATTER. A HEARING IS MANDATED, RESPECTFULLY.** See for example Hall v. Quarterman, 534 F.3d 365, 392-93(5th Cir.2008) (Patrick E. Higginbotham, Circuit Judge, concurring in part and dissenting in part)("There is a backdrop to this deficient hearing that cannot be ignored and that is the state trial courts'

consistent and complete adoption of all of the State's findings throughout this process.")(the State had presented multiple incorrect findings adopted by the trial court). When remanding for a live evidentiary hearing the court said: "some of these accepted 'facts' were both critical and incorrect. These errors would have been **drawn out im a hearing with an opportunity of counsel to examine the witnesses." Id at 372**(actual 5th Cir. Op.). The State in HALL had presented extremely gross and incorrect findings WHICH ENDED UP BEING CLEANED UP LATER. Concurring with the Federal mandated evidentiary hearing, the honorable Patrick E. Higgonbotham,noted: "There were gaps and inconsistencies throughout the record...This CLEANING UP of a statement lies buried in the paper records but would have been brought to light by any trial lawyer given the opportunity to cross examine the opposing party." Id at 377-78. "**It is the hearing in open court which offers the opportunity to expose the very core of the evidence, its accuracy, and its weight.**" Id at 390

Paying due respect to the State court, the Applicant has put everything forth diligently, so that the court can hold a live hearing and resolve these presently unresolved issues. See Wainwright v. Sykes, 433 U.S. 72,90(1977)("[T]he state trial on the merits [should be] the main event, so to speak, rather than a tryout on the road for what will be the determinative federal habeas hearing"). The current records presented by the Applicant are sufficient to notify the court of the existence of the evidence he now seeks to bring out in a hearing. Thus,in the event of a federal hearing in the future, that evidence would not

be barred from federal consideration by <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388(2011). In other words if Melvinna Lee's actual and full conviction record(misdemeanor, etc.) was brought out in a federal evidentiary hearing, it would not be considered new evidence(evidence that the Applicant did not make known to the state). To the contrary, the records now before the court gives actual report numbers, cites resisting arrest, and failure to I.D; uses the word "conviction" and "criminal history", etc. Exhibit P attached to this motion(already in the 11.07 memorandum) even further makes known the existence of the records Applicant now seeks to bring out in a live hearing. See <u>Cullen</u>, 131 S.Ct. at 1399: "Our cases emphasize that review under § 2254(d)(1) focuses on WHAT THE STATE COURT NEW AND DID...To determine whether a particular decision is contrary to then established law, a federal court must consider whether the decision applies a rule that contradicts such law and how the decision **CONFRONTS A SET OF FACTS THAT WERE <u>BEFORE</u> THE STATE COURT"**. Without expounding on federal law any further, it is safe to say that regarding the matters of this motion, a **live hearing** would not be barred in federal court. In fact it would be encouraged. And Lee's entire conviction record would be considered in deciding the habeas issue.

Out of respect for the state court, and having a full understanding of the federal habeas law, the Applicant humbly begs this honorable court to hold a hearing and settle these issues in state court where it should be settled. Such a hearing will even be benificial to the State. The Supreme Court has empha-

sized "AEDPA's goal of promoting comity, finality, and federalism by giving state courts the <u>first opportunity</u> to review [a] claim, and to correct any constitutional violation in the first instance." <u>Cullen</u>, at 1401(quoting <u>Jimenez v. Quarterman</u>, 129 S. Ct. 681,686(2009)(internal quotation marks omitted). Respectfully, the Applicant urges this honorable court to take advantage of that opportunity. **No need to create federal precedent.**

These Constitutional violations took place in the 396th Judicial Court of Tarrant County, TX while the presiding judge, the very honorable George Gallegher, was out of town. The Applicant **IN NO WAY FAULTS** George Gallegher for **ANY** of the concealed indecorous violations of a FAIR TRIAL that took place in his courtroom while he was out of town. **YET HE PLEADS WITH THIS COURT TO TAKE ACTION AND CLEAN IT UP BY WAY OF THE LIVE EVIDENTIARY HEARING IN THIS REGARD. GET ALL THE REAL FACTS.**

Please see the 11.07 Application on these grounds.

<u>PRAYER</u>

The Applicant humbly and respectfully prays that this honorable Court will set these matters for a live evidentiary hearing in the near future as requested in this motion; that no proposed findings of fact presented from the State will be even considered by this Court until this Court has had the hearing and reviewed Lee's complete conviction history; and Applicant be bench warranted back from TDCJ to attend the hearing where he too will be given fair chance to prepare and present proposed findings of fact and legal conclusions after said hearing.

**RESPTFULLY SUBMITTED,**

*[signature: Desmond Ledet]*

DESMOND LEDET
TDCJ #01651095
Telford Unit
3899 State Hwy.98
New Boston. TX.  75570

### CERTIFICATE OF SERVICE

I certify that the original and two copies of the foregoing motion have been hand delivered to the Tarrant County, TX Criminal District Clerk with instructions for the Clerk to file the original with the 396th Judicial District Court of Tarrant County, TX; and also with a further request for the Clerk to file one copy with the **appellate section of the Tarrant County District Attorney's Office**(401 W. Belknap, Fort Worth, TX 76196-0201).

*[signature: Desmond Ledet]*

DESMOND LEDET

### UNSWORN DECLARATION

I, Desmond Ledet, TDCJ#01651095, am presently at the Telford Unit in Bowie County, Texas.  I declare under penalty of perjury that the facts stated in this document are true and correct.

*[signature: Desmond Ledet]*

DESMOND LEDET

NO.C-396-010272-1152016-A

EX PARTE § IN THE 396th JUDICIAL
§
§ DISTRICT COURT OF
§
DESMOND LEDET § TARRANT COUNTY, TX

## ORDER

On this_____day of_____,20____, the
forgoing "APPLICANT'S SUBSEQUENT REQUEST FOR A 'FULL AND FAIR'
LIVE EVIDENTIARY HEARING; SPECIFICALLY IN THIS PARTICULAR RE-
QUEST TO RESOLVE PREVIOUSLY UNRESOLVED FACTS, AND TO DEVELOP
THE FACTS IN STATE COURT, WHICH ARE MATERIAL TO THE LEGALITY
OF APPLICANT'S CONFINEMENT AS THOSE FACTS PERTAIN TO HIS PRE-
SENT GROUNDS #27-29" came on to be heard. The Court is of
the opinion that the motion should be:


G R A N T E D                              D E N I E D

(Please circle one)


_____

JUDGE PRESIDING



Michelle M. Kretz
Assistant City Attorney

Phone (817) 392-7600
Michelle.Kretz@fortworthtexas.gov

August 27, 2013

Honorable Greg Abbott
Texas Attorney General
ATTN: Open Records Division
P.O. Box 12548
Austin, Texas 78711-2548

Certified Mail No.: 7012 3460 0001 0032 0377

Re: City of Fort Worth Public Information Request No. W028217 from Brian Willingham
Request for police records on M. Lee from 1993 to present and REQUEST FOR A
PREVIOUS DETERMINATION

Dear Attorney General Abbott:

On August 19, 2013, the City of Fort Worth received a written request from Brian Willingham (the "requestor") for police records on M. Lee from 1993 to present. Exhibit "A" contains a certification of the date the City received the request. A copy of the request is included as Exhibit "B."

The City has released a portion of the records that do not reflect the privacy interests below. However, the City believes that the remaining responsive records are excepted from disclosure under section 552.101 of the Texas Government Code. Therefore, the City is seeking a ruling from your office in accordance with section 552.301 of the Texas Government Code. Exhibit "C" contains the information at issue. The responsive information is provided on disc only.

**Disclosure of criminal history compilations violates common law privacy.**

The request seeks records of the Fort Worth Police Department related to a specified individual. The City believes that complying with this request would implicate the individual's common law right to privacy. As such, the City asserts that it must withhold all reports, if any, involving the specified individual, other than in a capacity as a witness, victim or reporting person.

Section 552.101 excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." The Texas Supreme Court held that the predecessor to section 552.101 encompassed the common law right of privacy, which

EXHIBIT "D" // EX. P 1 of 6

protects information that (1) contains highly intimate or embarrassing facts, the publication of which would be highly objectionable to a reasonable person, and (2) is not of legitimate concern to the public. *See Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). In *United States Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749 (1989), the United States Supreme Court held that, where an individual's criminal history information has been compiled by a governmental entity, the information takes on a character that implicates the individual's right to privacy. *See also* Open Records Decision 565 (1990).

The requestor asks for records involving a specified individual. The City asserts that complying with this request would require the City to compile the criminal history, if any, of the individual and thus implicates the individual's right of privacy as contemplated in *Reporters Committee*. The requestor does not indicate that he is acting as the authorized representative of individual in making this request. Therefore, the City believes that section 552.101 and the holding in *Reporters Committee* require that the City withhold all records, if any, in which the specified individual is portrayed as a suspect or arrested person.

**Previous Determination Request**

The City of Fort Worth respectfully requests that your office issue a previous determination authorizing the City to withhold records where the requestor seeks all criminal records related to a named individual where the individual is listed as a suspect. See Texas Government Code section 552.301(a). The above argument in regard to the compilation of an individual's criminal history is invoked every time a requestor asks for all criminal records of a named individual. Thus, the information is ripe for a previous determination.

In Open Records Letter Ruling OR2004-1363, your office issued a previous determination to the City of Dallas authorizing Dallas to withhold records where the requestor requests all criminal records related to a named individual. Your office's authorization was based on the law as cited in the previous argument. Under Texas Government Code section 552.011, the Attorney General is tasked with maintaining uniformity in the interpretation of the Texas Public Information Act. Therefore, the City asks that the previous determination issued to Dallas be extended to our city as well.

**Records of alleged or suspected abuse and neglect of a child are confidential.**

Section 552.101 excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." The City believes the requested information is confidential under section 261.201 of the Texas Family Code, which provides:

> (a)     The following information is confidential, is not subject to public release under Chapter 552, Government Code, and may be disclosed only for purposes

consistent with this code and applicable federal or state law, or under rules adopted by an investigating agency:

(1)    a report of alleged or suspected abuse or neglect made under this chapter and    the identity of the person making the report; and

(2)    except as otherwise provided in this section, the files, reports, records, communications, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

TEX. FAM. CODE ANN. § 261.201(a) (West 2008)

The submitted records describe an investigation of an alleged abuse or neglect of a child. Witnesses reported the conduct to the Fort Worth Police Department in accordance with Section 261.103(a)(1) of the Texas Family Code. The City asserts that these allegations describe an incident of abuse or neglect of the child. *See* TEX. FAM. CODE ANN. §§ 261.001(1), (4)(West 2011) (defining abuse as "physical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child, ...sexual conduct harmful to a child's mental, emotional, or physical welfare, including conduct that constitutes the offense of ... indecency with a child under 21.11, Penal Code, [or] sexual assault under 22.011, Penal Code, ...")(defining neglect).

The City further asserts that the records at issue constitute files, reports, records, communications, or working papers used or developed in an investigation of alleged or suspected abuse or neglect of a child within the scope of Chapter 261. As a result, the City believes these records are confidential pursuant to section 261.201 and must be withheld under section 552.101.

**Juvenile records are confidential and may not be released.**

Section 552.101 of the Texas Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." The City believes that the submitted records are confidential under section 58.007 of the Texas Family Code, which provides in part:

(c)    Except as provided by Subsection (d), law enforcement records and files concerning a child and information stored, by electronic means or otherwise, concerning the child from which a record or file could be generated may not be disclosed to the public and shall be:

(1)    if maintained on paper or microfilm, kept separate from adult files and records;

    (2)    if maintained electronically in the same computer system as records or files relating to adults, be accessible under controls that are separate and distinct from controls to access electronic data concerning adults; and

    (3)    maintained on a local basis only and not sent to a central state or federal depository, except as provided by Subchapters B, D, and E.

TEX. FAM. CODE § 58.007(c) (West 2011).

The City contends that the submitted records constitute a record alleging delinquent conduct or conduct indicating a need for supervision that occurred after September 1, 1997. *See* TEX. FAM. CODE ANN. § 51.03 (West 2008) (defining "delinquent conduct" as "conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail," and defining "conduct indicating a need for supervision" to include "conduct, other than a traffic offense, that violates the penal laws of this state of the grade of misdemeanor that are punishable by fine only; or the penal ordinances of any political subdivision of this state" or "the voluntary absence of a child from the child's home without the consent of the child's parent or guardian for a substantial length of time or without intent to return"); *see also* TEX. FAM. CODE ANN. § 51.02(2) (West 2008) (defining "child" for purposes of title 3 of Family Code).

The City does not believe that any of the exceptions in section 58.007 apply in this instance. Therefore, the City asserts that the submitted record is confidential under section 58.007(c) of the Family Code and must be withheld in its entirety pursuant to section 552.101 of the Government Code.

**Information protected by common law privacy may not be disclosed.**

Section 552.101 excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." The Texas Supreme Court held that the predecessor to section 552.101 encompassed the common law right of privacy, which protects information that (1) contains highly intimate or embarrassing facts, the publication of which would be highly objectionable to a reasonable person, and (2) is not of legitimate concern to the public. *See Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex. 1976). The types of information considered intimate and embarrassing by the Texas Supreme Court in Industrial Foundation included information relating to sexual assault, pregnancy, mental or physical abuse in the workplace, illegitimate children, psychiatric treatment of mental disorders, attempted suicide, and injuries to sexual organs. *Id.* at 683.

In addition, your office has found that the following types of information are excepted from required public disclosure under common law privacy: an individual's criminal history

*Ex. P*
*4 of 6*

when compiled by a governmental body, *see* Open Records Decision No. 565 (citing *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989)); personal financial information not relating to a financial transaction between an individual and a governmental body, *see* Open Records Decision Nos. 600 (1992), 545 (1990); some kinds of medical information or information indicating disabilities or specific illnesses, *see* Open Records Decision Nos. 470 (1987) (illness from severe emotional and job-related stress), 455 (1987) (prescription drugs, illnesses, operations, and physical handicaps); and identities of victims of sexual abuse, *see* Open Records Decision Nos. 440 (1986), 393 (1983), 339 (1982).

Ordinarily, the City would only seek to redact either (1) information that identifies or tends to identify an individual whose privacy is implicated, or (2) information that describes the conduct or status which raises the privacy concern. However, your office has held that a governmental body is required to withhold an entire report when identifying information is inextricably intertwined with other releasable information or when the requestor knows the identity of the individual whose privacy is implicated. *See* Open Records Decisions Nos. 393 (1983), 339 (1982); *see also Morales v. Ellen*, 840 S.W.2d 519 (Tex. App.—El Paso 1992, writ denied)(identity of witnesses to and victims of sexual harassment was highly intimate or embarrassing information and public did not have legitimate interest in such information); Open Records Decision No. 440 (1986) (detailed descriptions of serious sexual offenses must be withheld).

Because portions of the requested information concerns a privacy interest of a third party and the requestor knows both the individual's identity and the conduct or status involved, the City contends it must withhold these records in their entirety under section 552.101 in conjunction with common law privacy. The City believes the remaining submitted information or portions thereof, is protected by common law privacy and must be withheld pursuant to section 552.101.

Respectfully submitted,

*Michelle M. Kretz*

Michelle M. Kretz
Assistant City Attorney

Enclosures

Cc w/o enclosures:    Brian Willingham
P.O. BOX 668
Croton Falls, New York 10519

*via* **Electronic Mail:** bwillingham@diligentiagroup.com

Michelle M. Kretz
Assistant City Attorney



Phone (817) 392-7600
Michelle.Kretz@FortWorthTexas.gov

*Ex. P*
*6 of 6*

August 27, 2013

Brian Willingham
P.O. BOX 668
Croton Falls, New York 10519

*via* **Electronic Mail:** bwillingham@diligentiagroup.com

    Re:   City of Fort Worth Public Information Request No. W028217
            Request for police records on M. Lee from 1993 to present

Dear Mr. Willingham:

       This letter is in response to your request for public information, which the City of Fort Worth (the "City") received on August 19, 2013. A portion of the information you requested can be released to you at this time. However, the City believes that the remainder of the responsive records may be excepted from public disclosure under the Public Information Act, TEX. GOV'T CODE ANN. §§ 552.001-.353 (West 2004 & Supp. 2006). Therefore, the City is requesting an opinion from the Texas Attorney General's Office (the "AG") concerning whether the requested information is subject to release.

       A copy of the City's request for a ruling is enclosed. You may submit arguments to the AG regarding why you think the information should be disclosed to you. If you wish to submit such arguments, please do so within ten (10) days of receipt of this notice. You must provide the City with a copy of any correspondence that you submit to the AG. The AG will notify you when a ruling has been made.

Sincerely yours,

*Michelle M. Kretz*

Michelle M. Kretz
Assistant City Attorney

Attachments

PAGE 15 OF 15 ON EVIDENTIARY HEARING
MOTION

*Ex. P*
*6 of 6*



**OFFICE OF THE CITY ATTORNEY**
The City of Fort Worth ★1000 Throckmorton Street ★ 3rd Floor ★ Fort Worth, Texas 76102
817-392-7600 ★ Fax 817-392-8359   PAGE 15 OF 15