**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL E. BROWN,<br><br>　　　　Petitioner - Appellant,<br>v.<br><br>JOE D. DRIVER,<br><br>　　　　Respondent - Appellee. | No. 13-35026<br><br>D.C. No. 3:11-cv-00150-RRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief Judge, Presiding

Submitted May 13, 2015[**]

Before:　　LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Alaska state prisoner Carl E. Brown appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision that a Section 2254 habeas petition is untimely, *see Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010), and we affirm.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brown contends that he is entitled to equitable tolling for three periods: December 6, 2009 to April 5, 2010; October 12, 2010 to November 1, 2010; and November 8, 2000 to April 14, 2011. Even assuming that Brown is entitled to equitable tolling for the first two periods, he is not entitled to equitable tolling on the last, rendering his section 2254 petition untimely.

Brown contends that *Jimenez v. Quarterman*, 555 U.S. 113 (2009), entitles him to equitable tolling from November 8, 2010 to April 14, 2011. Brown is incorrect. The Alaska Court of Appeals order did not restore the pendency of Brown's direct appeal, nor render his conviction capable of modification on direct appeal to the state court or to the Supreme Court on certiorari review. *See Randle v. Crawford*, 604 F.3d 1047, 1056-57 (9th Cir. 2010). *Jimenez* therefore does not apply. *See id.*

We need not reach the issue of whether the mailbox rule applies to Brown's state court filings, as it does not affect the result. Brown's petition is untimely regardless of whether the mailbox rule is applied.

Finally, because we affirm on timeliness grounds, we do not address whether Brown's failure to name the proper party separately justifies affirmance.

**AFFIRMED.**