**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL L. SELF,

                Petitioner-Appellant,

v.

CHARLES L. RYAN,

                Respondent-Appellee.

No. 15-15760

D.C. No. 2:00-cv-01058-PGR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted February 16, 2017
San Francisco, California

Before:  W. FLETCHER, FUENTES,[**] and RAWLINSON, Circuit Judges.

Appellant Michael Self seeks review of the denial of his Rule 60(b)(6) Motion for Relief from the Judgment. He argues that a subsequent change in the law and the unique circumstances of his case entitle him to relief. In 2009, the Supreme Court decided *Jimenez v. Quarterman*, 555 U.S. 113 (2009), and adopted

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

the same argument that Self had advanced unsuccessfully eight years earlier in a prior petition for *habeas* relief. Self, untutored in law, was unaware of the Court's decision in *Jimenez* for five years. When a fellow inmate brought *Jimenez* to his attention, Self promptly sought relief from the earlier judgment. The district court in the present case held that, in spite of the change in law, relief was not warranted. Self timely appeals.

We have jurisdiction under 28 U.S.C. § 1291 and § 2253, and we review the district court's denial of a Motion for Relief for abuse of discretion. *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008). We vacate and remand for further proceedings.

A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal citation removed). Among the factors to be considered are (1) whether an "intervening change in law . . . overruled an otherwise settled legal precedent," *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009); (2) a "lack of diligence in pursuing review of the statute-of-limitations issue," *id.* at 1138-39 (quoting *Gonzalez*, 545 U.S. at 537); (3) "whether granting the motion to reconsider would 'undo the past, executed effects of the judgment,' thereby disturbing the parties' reliance interest in the finality of the case," *id.* at 1137 (quoting *Ritter v. Smith*, 811 F.2d 1398, 1402 (11th Cir. 1987)); (4) "delay

2

between the finality of the judgment and the motion for Rule 60(b)(6) relief," *id.* at 1138; (5) "the close relationship between the two cases at issue–the decision embodying the original judgment and the subsequent decision embodying the change in the law," *id.* (internal quotation marks omitted); and (6) "considerations of comity." *Id.* at 1139 (quoting *Ritter*, 811 F.2d at 1403).

The district court made a mistake as to the third factor. The court found "there is no indication that 'the final judgment being challenged has caused' either of the parties to change their 'position in reliance on the judgment.' *See Phelps*, 569 F.3d at 1138. Thus, this factor weighs against reopening." Contrary to the conclusion of the district court, this factor weighs in favor of granting the motion because "neither party has relied . . . on the finality of the district court's dismissal." *Phelps*, 569 F.3d at 1138. As in *Phelps*: "Neither the State nor [Self] have undergone any change in legal position . . . due to the district court's judgment. To the contrary, when [Self's] petition was dismissed, his federal case simply ended: [Self] remained in prison, and the State stopped defending his imprisonment. There are no 'past effects' of the judgment that would be disturbed if the case were reopened for consideration of the merits of [Self's] *habeas* petition." *Id.*

The district court rested its decision on the conclusion that "two of the *Gonzalez/Phelps* factors weighed in favor of reopening, and the remaining four

3

factors do not." Once this mistake is corrected, the balance is three factors in favor of reopening and the remaining three against reopening. Because it is unclear whether the district court would have reached the same conclusion or would have granted Self's motion had it evaluated correctly the third factor, we remand to the district court for reconsideration.

Petitioner-Appellant's March 25, 2016 Motion to Expand the Record on Appeal is GRANTED. The court takes judicial notice of the documents submitted in response to its order of February 7, 2017.

**VACATED AND REMANDED.**