**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENNETH A. DUNN,

     Petitioner - Appellant,

v.

KEN SMITH; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

     Respondents - Appellees.

No. 19-2208
(D.C. No. 1:18-CV-00289-KG-KBM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

On May 21 of this year this court entered an order granting a certificate of

appealability to Applicant Kenneth Dunn, permitting him to appeal from the district

court's denial of his application under 28 U.S.C. § 2254. We held that the district court's

ruling that the application was time-barred was infirm because it had not taken "into

consideration that in 2016 the state district court apparently granted Applicant the right to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

file an out-of-time appeal from his conviction," which, in accordance with *Jimenez v. Quarterman*, 555 U.S. 113 (2009), would postpone the date on which his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A). Order at 2. We directed Respondent Ken Smith to file a response brief, which could be followed by a reply brief of Applicant.

Respondent submitted a helpful and thorough brief setting forth the procedural background and relevant law. Its principal argument for affirming dismissal of the § 2254 application was that Applicant's petition for writ of habeas corpus submitted to the New Mexico Supreme Court did not toll the § 2244 limitations period because it was untimely. Applicant's reply brief raised the concern that he was not appointed defense counsel to represent him on appeal after the state district court granted him the right to file an out-of-time appeal.

We continue to believe that the district court erred in its analysis of the timeliness of Applicant's § 2254 application. Perhaps further examination will lead to the conclusion that the application was untimely under a proper analysis. But additional exploration of the issue will be necessary, and we believe that that should be done by the district court, which may well decide that appointment of counsel to represent Applicant would be appropriate in the circumstances. If Respondent continues to press the procedural ground for dismissal, at least two issues will need to be resolved: (1) Did the New Mexico Supreme Court reject Applicant's petition for writ of habeas corpus on the ground that it was untimely, or did it decide to resolve the petition on the merits? and (2) Was Applicant improperly denied the assistance of appointed counsel when he was

granted the right to file an out-of-time appeal from his conviction?  Of course, the procedural issue can be bypassed if the district court determines that the application fails on the merits.

Accordingly, we **VACATE** the order dismissing Applicant's § 2254 application as untimely and **REMAND** to the district court for further proceedings consistent with this order and judgment.  We **DENY** Applicant's request for injunctive relief, which should first be directed to the district court.  We **GRANT** Respondent's Motion to Supplement.

Entered for the Court


Harris L Hartz
Circuit Judge

3