# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2008

Charles R. Fulbruge III
Clerk

No. 08-30958

_____

ALBERT WOODFOX

Petitioner - Appellee

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent - Appellant

_____

Appeal from the United States District Court for the
Middle District of Louisiana
No. 06-789-JJB

_____

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Before the court is the Emergency Motion for Stay of Release Order filed by respondent-appellant Warden Burl Cain (the Warden or the State), which seeks to have petitioner-appellee Albert Woodfox remain in custody pending review of the district court's final judgment granting Woodfox habeas corpus relief. For the reasons stated below, we grant the motion.

This court reviews a district court's order regarding custody pending appeal of a successful habeas corpus petition pursuant to Rule 23(d) of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rules of Appellate Procedure. The district court's order continues in effect unless the movant can show "special reasons." FED. R. APP. P. 23(d).[1]

Rule 23(c) of the Federal Rules of Appellate Procedure creates a rebuttable presumption that a prisoner who has received habeas relief will be released pending appeal. In Hilton v. Braunskill, the Supreme Court set forth the factors that a court should consider in determining whether to enlarge the prisoner or continue custody. 481 U.S. 770 (1987). The Court drew upon the traditional factors for a stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. at 776. These factors are not exclusive:

> [I]f the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration in determining whether or not to enlarge him. The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.

Id. at 778.

As the Court recognized in Hilton, an appellate court asked to modify (here, to stay) an initial custody determination pursuant to Rule 23(d) also looks to the traditional stay factors. We proceed to the most important, whether the

---

[1] The Court in Hilton v. Braunskill held that "Rule 23(d) creates a presumption of correctness for the order of a district court entered pursuant to Rule 23(c), whether that order enlarges the petitioner or refuses to enlarge him, but this presumption may be overcome in the appellate court 'for special reasons shown.'" 481 U.S. 770, 775 (1987). At the time Hilton was decided, Rule 23(d) stated that the district court order "shall govern review" in this court. After an amendment in 1998, Rule 23(d) now states that the district court order "continues in effect pending review." We assume without deciding that this alteration does not change the presumption of correctness which this court must afford the district court's custody determination. However, as described herein, we find that this presumption has been overcome.

applicant (the State) has shown a likelihood of success on the merits. The Court in Hilton also recognized that the applicant need not always show a likelihood of success on the merits. The prisoner should remain in custody if the State can "demonstrate a substantial case on the merits" and the other factors militate against release. Id. (citing O'Bryan v. Estelle, 691 F.2d 706, 708 (5th Cir. 1982); Ruiz v. Estelle, 650 F.2d 555, 565-66 (5th Cir. 1981)). While we are not now convinced that the State has established a likelihood of success on the merits, it has at least shown that it presents a substantial case. Accordingly, we consider the other factors in Hilton.

The Court acknowledged that the interest of a successful habeas petitioner in being released pending appeal is "always substantial." Hilton, 481 U.S. at 777. Accepting that, we move on to analyze the strength of the other factors, particularly the risk of danger to the public. The only testimony on whether Woodfox poses a threat of danger was the deposition of Warden Cain, who testified about his impressions of Woodfox's character and Woodfox's disciplinary record while in prison. The Warden stated his belief that Woodfox has not been rehabilitated and still poses a threat of violence to others. The district court found Woodfox's recent prison record more persuasive than the violent incidents in his past. Although the Warden agreed in a previous deposition that Woodfox had an excellent record during the last five years, he unequivocally stated, in the deposition submitted to the district court in connection with Woodfox's motion for release pending appeal, that he believed, based upon Woodfox's entire history and the particular circumstances surrounding the case, that Woodfox is still too dangerous to be allowed into the general population at the prison or into the public at large. Accordingly, this factor weighs in favor of continuing custody. Additionally, Hilton recognizes that the State has a strong interest in continuing custody where there is a long period left on the prisoner's sentence. Woodfox is

serving a life sentence and, therefore, the State's interest in continuing custody should be given substantial weight.

Because the State has shown a substantial case on the merits and the remaining factors weigh against release, we GRANT the Emergency Motion for Stay of Release Order. The district court's order entered on November 25, 2008 granting Woodfox's motion for release pending the State's appeal of the grant of habeas relief is STAYED. We order that the State's appeal be expedited and that the case be placed on the March oral argument calendar.

STAYED. APPEAL EXPEDITED.

DENNIS, Circuit Judge, concurs but notes that if the district court's grant of habeas corpus relief is ultimately affirmed, the State should be prepared to retry the petitioner with the greatest expedition possible thereafter.