KING, Circuit Judge:
On June 8, 2015, the district court granted Petitioner-Appellee Abert Woodfox an unconditional writ of habeas corpus, barring the State of Louisiana from prosecuting him for the third time for a 1972 murder. The district court reasoned that Woodfox’s case presented “exceptional circumstances” that cast doubt on the ability of the State to give Woodfox a fair retrial. The State now appeals, challenging the district court’s grant of an unconditional writ. We conclude that this case does not *642 involve an irremediable constitutional violation or “exceptional circumstances” meriting the writ. Accordingly, we hold that the district abused its discretion in issuing the unconditional writ. We REVERSE.
I. FACTUAL AND PROCEDURAL BACKGROUND
The facts and extensive procedural history of Albert Woodfox’s case have been recounted time and again, but they bear repeating since they factored into the unconditional writ granted by the district court. On April 17, 1972, Correctional Officer Brent Miller, of the Louisiana State Penitentiary in Angola, Louisiana, was found murdered in the prison dormitory, having been stabbed 32 times. The investigation of Officer Miller’s murder soon focused on Woodfox who, at the time, was an inmate in Angola serving a fifty-year sentence for armed robbery. The State prosecuted Woodfox for Officer Miller’s murder and obtained a second degree murder conviction in 1973, later affirmed by the Supreme Court of Louisiana. Wood-fox pursued postconviction remedies, and in 1992, his conviction was overturned by the 18th Judicial District Court of Louisiana. That court concluded that Woodfox was “denied his constitutional right of effective assistance of counsel” at his 1973 trial.[1] Woodfox was then reindicted in March 1993 in West Feliciana Parish for Officer Miller’s murder and was again found guilty in 1998. He appealed this conviction, which was affirmed by the Louisiana Court of Appeal, First Circuit.
After Woodfox exhausted his state post-conviction remedies, he filed a federal ha-beas corpus petition on October 11, 2006, challenging the 1998 conviction on the grounds of ineffective assistance of counsel, state suppression of exculpatory evidence, and racial discrimination in the selection of the grand jury foreperson at his 1998 retrial. On September 25, 2008, the district court granted Woodfox a writ of habeas corpus on ineffective assistance of counsel grounds and ordered that a new trial be conducted within 120 days. Following this, on November 25, 2008, the district court issued a custody order staying the judgment requiring a new trial but granting Woodfox’s release “pending the State’s appeal.” The State filed an emergency motion to stay the custody order pending appeal of the September 2008 writ, and this court granted the motion on December 2, 2008, staying any release “pending further order of this court.” Woodfox v. Cain (Woodfox I), 305 Fed.Appx. 179, 182 (5th Cir.2008) (per curiam) (unpublished).
In 2010, this court vacated the September 2008 writ. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the district court was required to give deference to a state habeas court’s decision on the merits unless ,it was contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1). Because we found that the state habeas court’s decision denying Woodfox relief on his ineffective assistance of counsel claims was not contrary to or an unreasonable application of federal law, we held that the district court erred in not deferring to the state court and in granting the September 2008 writ. Woodfox v. Cain (Woodfox II), 609 F.3d 774, 794-817 (5th Cir.2010). However, we remanded to the district court to resolve the remaining issue of alleged racial discrimination in the selection of the grand jury foreperson, an issue that had not been *643 decided by the district court. Id. at 817-18.
On remand, the district court granted habeas relief on the ground that the selection process for grand jury forepersons in West Feliciana Parish was racially discriminatory at the time of Woodfox’s indictment. The district court based its holding on the fact that African-Americans were substantially underrepresented as grand jurors in proportion to their total population in the Parish. The State had not rebutted this prima facie case of discrimination because West Feliciana Parish’s selection procedure for grand jury forepersons allowed in subjective criteria that could include race and gender. Woodfox v. Cain, 926 F.Supp.2d 841, 844-57 (M.D.La.2013). The State again appealed. This court affirmed the grant of habeas relief on November 20, 2014, and remanded the case to the district court “for further proceedings consistent with th[e] opinion.” Woodfox v. Cain (Woodfox III), 772 F.3d 358, 383 (5th Cir.2014), cert. denied, — U.S. -, 136 S.Ct. 38, 193 L.Ed.2d 26 (2015).
The case went back to the district court, and on February 6, 2015, Woodfox filed a motion under Federal Rule of Appellate Procedure 23(c) requesting release from his imprisonment for the 1998 murder conviction. Before the district court ruled on the motion and one day after the Fifth Circuit issued its mandate on February 11, 2015, the State reindicted Woodfox for the murder of Officer Miller and moved him from Angola to West Feliciana Parish Prison. Without considering the validity of the 2015 reindictment, the district court held a hearing on March 2, 2015 regarding Woodfox’s motion requesting release.
The district court ultimately decided Woodfox’s motion for release and granted an unconditional writ of habeas corpus barring retrial on June 8, 2015. The district court recognized that such a writ was “an extraordinary remedy [issued] in the rarest of circumstances.” Woodfox v. Cain, No. 06-789-JJB-RLB, 108 F.Supp.3d 401, 405, 2015 WL 3549787, at *2 (M.D.La. June 8, 2015) [hereinafter Woodfox (M.D.La.) ]. But it held that the writ was merited where a retrial could not remedy an underlying constitutional violation or where a case presented “exceptional circumstances.” Id. at 406, 2015 WL 3549787, at *3. While the district court recognized that the constitutional violation identified in Woodfox III “could, conceivably, be corrected by the re-arrest and reindictment of Mr. Woodfox,” his case presented “exceptional circumstances” that would render a new trial unjust. Id.
In particular, the court pointed to seven factors that, taken in total, warranted an unconditional writ. First, the court noted that Woodfox was “sixty-eight-years-old and in poor health.” Id. at 410, 2015 WL 3549787, at *8. Second, the court believed the lapse of time between Woodfox’s first trial in 1973 and a third trial would prejudice his ability to present a defense because the case was premised on eyewitness testimony and key witnesses for the prosecution from the 1973 trial were no longer alive. Id. at 410-13, 2015 WL 3549787, at *8-10. This was particularly worrisome to the district court because evidence had emerged subsequent to the 1973 trial (but before the 1998 retrial) undermining the credibility of these witnesses, who could no longer be cross-examined. Third, the district court pointed to litigation tactics used by the State, which cast doubt on its ability to provide a fair retrial. Id. at 412-14, 2015 WL 3549787, at *10-11. These tactics included having a prosecutor vouch for a key witness at retrial[2] and the State’s *644 attempts in 2015 to “moot” the case by reindicting and transferring Woodfox. Id. Fourth, the district court believed that there was evidence suggesting Woodfox’s actual innocence, including exculpatory statements from witnesses and a lack of physical evidence tying Woodfox to the murder. Id. at 413-15, 2015 WL 3549787, at *11-12. Fifth, Woodfox’s four-decades-plus imprisonment in solitary confinement was beyond what other defendants had faced. Id. at 414-15, 2015 WL 3549787, at *12. Sixth, both of Woodfox’s previous trials suffered from the same constitutional defect of racial discrimination in the grand jury foreperson selection, “giv[ing] [the] [c]ourt reason to question whether a third indictment would not suffer a similar defect.” Id. at 415, 2015 WL 3549787, at *13. And seventh, the State would get a “third bite at the apple” absent an unconditional writ, allowing the State to prosecute- Woodfox a third time for the 1972 murder. Id.
The State filed an emergency motion to stay Woodfox’s release under the June 2015 writ, and this court granted the stay on June 12, 2015. See Woodfox v. Cain (Woodfox IV), 789 F.3d 565, 572 (5th Cir.2015). Concurrent with its emergency motion, the State timely appealed the unconditional writ on the merits.
II. STANDARD OF REVIEW
This court reviews habeas remedies for “abuse of discretion.” Jones v. Cain, 600 F.3d 527, 541 (5th Cir.2010).[3] However, as Jones and other courts have suggested, appellate review of a district court’s habeas remedy “is somewhat less deferential than the flexible abuse of discretion applicable in other contexts.” Yong v. INS, 208- F.3d 1116, 1119 (9th Cir.2000); see also Jones, 600 F.3d at 542. And we have observed that, even under “this deferential standard, a decision grounded in erroneous legal principles is reviewed de novo.” Sepulvado v. Jindal, 729 F.3d 413, 417 (5th Cir.2013) (quoting Janvey v. Alguire, 647 F.3d 585, 592 (5th Cir.2011)). While a district court generally has “broad discretion in conditioning a judgment granting habeas relief’ and is “authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters ‘as law and justice require,’ ” Hilton v. Braunskill, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (quoting 28 U.S.C. § 2243), an unconditional writ remains “an extraordinary remedy.” Jones, 600 F.3d at 542 (quoting Foster v. Lockhart, 9 F.3d 722, 727 (8th Cir.1993)); see also Wolfe v. Clarke, 718 F.3d 277, 288 (4th Cir.2013) (“[P]reventing the retrial of a state criminal case is the strongest of medicine. And it is a measure that should be utilized with the utmost restraint, only in the most extraordinary of circumstances.”). Recognizing that this remedy is seldom given, we must be more searching in our review of a district court habeas remedy barring retrial.
III. THE HABEAS REMEDY
“The typical relief granted in federal habeas corpus is a conditional or *645 der of release unless the State elects to retry the successful habeas petitioner.” Herrera v. Collins, 506 U.S. 390, 403, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). However, “[i]n rare circumstances, a habeas court can end a state criminal proceeding as part of the habeas remedy.” Jones, 600 F.3d at 542. To permanently end a state criminal proceeding, federal habeas courts issue an unconditional writ, barring reprosecution and retrial of the petitioner. An unconditional writ is an “extraordinary remedy” for two reasons. Id. (quoting Foster, 9 F.3d at 727). First, by preventing retrial, federal habeas courts effectively operate as courts of first instance. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011) (noting that it would be contrary to AEDPA to have a petitioner introduce new evidence “in a federal habeas court and [have it] reviewed by that court in the first instance effectively de novo”). Second, with respect to federal-state habeas review under 28 U.S.C. § 2254, unconditional writs are in tension with “AEDPA’s goal of promoting comity, finality and federalism by giving state courts the first opportunity to review [the] claim and to correct any constitutional violation in the first instance.” Jimenez v. Quarterman, 555 U.S. 113, 121, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009) (alteration in original) (quoting Carey v. Saffold, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)); see also Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir.2006) (“District courts rightly favor conditional grants, which provide states with an opportunity to cure their constitutional errors, out of a proper concern for comity among the co-equal sovereigns.”). This tension arises because unconditional writs end the case rather than allowing the state “an opportunity to correct the constitutional violation found by the [federal] court” in its own courts. Hilton, 481 U.S. at 775, 107 S.Ct. 2113.
We have concluded that unconditional writs are justified where “[t]he constitutional violation [is] such that it cannot be remedied by another trial, or other exceptional circumstances ... exist such that the holding of a new trial would be unjust.” Jones, 600 F.3d at 542 (quoting Capps v. Sullivan, 13 F.3d 350, 352-53 (10th Cir.1993)). This case, however, does not present a constitutional defect that cannot be cured at retrial. And the factors identified by the district court as “exceptional circumstances” do not merit an unconditional writ and improperly assume that state courts will not provide Woodfox with a fair retrial. For these reasons, as set out below, we conclude that the district court abused its discretion in granting the unconditional writ.
A.
As previously noted, the constitutional violation identified by Woodfox and affirmed by this court was racial discrimination in the selection of grand jury forepersons in West Feliciana Parish at the time of Woodfox’s 1993 indictment. Woodfox III, 772 F.3d at 383. The district court concluded, and neither party now disputes, that this violation was not irremediable. See Woodfox (M.D.La.), 108 F.Supp.3d at 406, 2015 WL 3549787, at *3 (“Here, the 1993 indictment could, conceivably, be corrected by the re-arrest and reindictment of Mr. Woodfox.”). The district court noted that-neither side “cite[d] a case where a federal habeas court ... barred reprosecution of a state conviction obtained through the discriminatory selection of a grand jury foreperson.” Id. This is because the sort of constitutional violation that cannot be remedied by another trial involves an instance “where a retrial itself would violate the petitioner’s constitutional rights.” Jones, 600 F.3d at 542 (quoting Foster, 9 F.3d at 727). This includes situations *646 where, for example, a court lacked jurisdiction over the petitioner,[4] the petitioner was convicted under an unconstitutional statute,[5] or the petitioner’s retrial would violate double jeopardy.[6] In these instances, there is no concern with barring retrial through an unconditional writ because “the constitutional problem that led to the grant of the writ cannot be cured by a new trial.” Id.
Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), indicates that the violation found in Woodfox III is not irremediable. In Rose, the Supreme Court addressed whether constitutional claims of racial discrimination in grand jury selection were cognizable in federal habeas corpus. The Rose Court concluded that such claims were cognizable but alleviated concerns that its holding would nullify otherwise validly obtained convictions. Id. at 563-65, 99 S.Ct. 2993. It stated that reversal of a conviction on these grounds did not “render a defendant immune from prosecution” and was not a bar on “subsequent reindictment and reprosecution.” Id. at 558, 99 S.Ct. 2993. Even when “a federal court quashe[d] an indictment [for being returned by an improperly constituted grand jury], the State remained] free to use at a second trial any and all evidence it employed at the first proceeding.” Id. at 564, 99 S.Ct. 2993. As Rose makes clear, there was no irremediable constitutional violation in Woodfox III supporting an unconditional writ.
B.
Rather than holding that the unconditional writ was merited by the particular constitutional violation at issue, the district court barred reprosecution because this case involved “exceptional circumstances.” Its conclusion rested in part on the existence of out-of-eireuit, “rare cases that ... granted the extraordinary remedy,” and seven “circumstances surrounding Mr. Woodfox[’s] case that he propose[d] [we]re exceptional.” Woodfox (M.D.La.), 108 F.Supp.3d at 406, 2015 WL 3549787, at *3. But the cases cited by the district court granting unconditional release are inappo-site to the one at hand. Furthermore, the seven factors identified are either irrelevant in federal habeas proceedings, better addressed in other proceedings, or presume that the state court at retrial will be unable “to correct any constitutional violation in the first instance,” — a presumption that runs counter to the comity concerns that animate federal — state habeas. Jimenez, 555 U.S. at 121, 129 S.Ct. 681 (quoting Carey, 536 U.S. at 220, 122 S.Ct. 2134).[7]
In support of its order, the district court first identified a number of decisions granting unconditional writs that it believed were similar to Woodfox’s case. *647 However, even if we were to assume arguendo that these cases are persuasive, they are distinguishable. Schuster v. Vincent, 524 F.2d 153, 161-62 (2d Cir.1975), granted an unconditional release but only after the State of New York deliberately ignored previous court mandates in order to prolong the petitioner’s imprisonment. There is no indication that the State here has directly contravened a court mandate. Hannon v. Maschner, 981 F.2d 1142, 1145 (10th Cir.1992), also granted an unconditional release, but that case involved an instance where “the petitioner lost the opportunity to file a direct appeal” and state courts refused to provide the petitioner with direct appellate review for a period of thirty-three years. Nothing suggests Woodfox has been unable to or will be unable to file direct appeals in his case. And Latzer v. Abrams, 615 F.Supp. 1226, 1231 (E.D.N.Y.1985), identified by the district court as issuing an unconditional writ, actually declined to bar retrial. The closest cases to Woodfox’s situation cited by the district court are Morales v. Portuondo, 165 F.Supp.2d 601 (S.D.N.Y.2001) and D’Ambrosio v. Bagley, 688 F.Supp.2d 709 (N.D.Ohio 2010), where the courts granted unconditional releases to petitioners when there had been long gaps between trial and retrial, issues with key eyewitnesses, indications of prosecutorial misconduct, and evidence suggesting actual innocence. However, Morales and D’Ambrosio are not binding on this court, and neither of them touched on why it was appropriate to deprive state courts of the opportunity to address alleged constitutional errors in the first instance.[8]
The factors identified by the district court also do not support an unconditional writ. The first of these, Woodfox’s age and health, is irrelevant. None of the eases cited by the district court or petitioner indicates that old age and poor health are considerations in granting unconditional writs.[9] And we are aware of no general principle that either of these is a relevant factor in federal habeas remedies.
The second factor considered by the district court was that a lapse in time would prejudice Woodfox’s ability to present a defense on retrial. The district court noted that forty years had passed since the crime at issue and that a number of witnesses had passed away. The district concluded that this would prejudice Woodfox’s ability to present a defense at a third trial and make it “impossible for any reasonable juror to fairly draw the inference she would be required to make in order to render a verdict in this case.” Woodfox (M.D.La.), 108 F.Supp.3d at 413, 2015 WL 3549787, at *10. The district court, however, failed to explain why these issues could not be addressed by a state court first at retrial. By examining prejudice from retrial, prior to any state judgment on the matter, the district court erred. Federal habeas courts, sitting in review of *648 federal—state habeas petitions, should let state courts address constitutional and evi-dentiary issues in the first instance. See Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (“[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts' to correct a constitutional violation.” (quoting Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950))). Failing to do so not only upsets the federal—state comity concerns of AEDPA, but it also cuts against the exhaustion requirement of 28 U.S.C. § 2254(b)(1), which requires petitioners to first present habeas claims to state courts. See DiSimone, 518 F.3d at 127 (“The question whether retrial is in fact improper ... must be determined in the first instance by the state courts, if and when the state chooses to retry the petitioner.”). There is no suggestion here that a state court will be unable to evaluate the prejudicial effect of any lapse of time. Arguments as to this prejudicial effect should first be presented to a state court.
The third factor considered by the district court, the lack of confidence in the State’s ability to provide a fair retrial, does not provide a basis for relief. The district court believed that the State was engaging in “troubling conduct” and trying “to moot the issues” by obtaining a third indictment of Woodfox prior to any mandate being issued, by unilaterally transferring him to parish prison, and by delaying its petition for certiorari in Woodfox III. Woodfox (M.D.La.), 108 F.Supp.3d at 412-14, 2015 WL 3549787, at *10-11.[10] This behavior, however, does not warrant the extraordinary remedy of unconditional release. The State’s conduct is not similar to the disobedience toward court mandates found by other courts to merit unconditional writs. See Schuster, 524 F.2d at 161-62. Moreover, by concluding that the State’s previous misconduct will not lead to a fair retrial, the district court discredited the ability of the state courts to redress violations by the State.
On the fourth factor, the district court “questioned] the strength of the ew-dence keeping Mr. Woodfox incarcerated for the murder of Mr. Miller,” noting that “not one piece of physical evidence incriminated Mr. Woodfox.” Woodfox (M.D.La.), 108 F.Supp.3d at 413-15, 2015 WL 3549787, at *11-12. But the district court’s conclusion discounted the fact that Woodfox had been convicted of Officer Miller’s murder twice before, with both convictions upheld on appeal. Furthermore, an actual innocence claim is better directed to state courts in the first instance. See State v. Conway, 816 So.2d 290, 291 (La.2002) (identifying Louisiana’s standard for an actual innocence claim); see also Herrera, 506 U.S. at 400, 113 S.Ct. 853 (“[T]he existence merely of newly discovered evidence relevant to the guilt, of a state prisoner is not a ground for relief on federal habeas corpus.” (quoting Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963))).
The fifth factor identified by the district court, Woodfox’s prolonged solitary confinement, is not an appropriate consideration and is better addressed through other proceedings as well. As one court recognized, if a prisoner “is challenging the conditions rather than the fact of his confinement [then] his remedy is under civil rights law.” Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991); see also Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (“[W]hen *649 a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.”)* In fact, the two decisions cited by the district court to support its consideration of Woodfox’s solitary confinement indicate that 42 U.S.C. § 1983 actions are the appropriate avenue for addressing the conditions of solitary confinement. See Wilkerson v. Goodwin, 774 F.3d 845, 848-50 (5th Cir.2014); Wilkerson v. Stalder, 639 F.Supp.2d 654 (M.D.La.2007).[11]
The sixth factor meriting an unconditional writ was the district court’s doubt that the state trial court would be able to provide a fair retrial because the two previous indictments of Woodfox “were ultimately found to be unconstitutional.” Woodfox (M.D.La.), 108 F.Supp.3d at 415, 2015 WL 3549787, at *13. This conclusion is erroneous because, like the second and third factors, it casts doubt on the fairness of the state court process before it has even occurred. Moreover, the district court recognized that the error in the previous cases could “be corrected at a retrial.” Woodfox (M.D.La.), 108 F.Supp.3d at 415, 2015 WL 3549787, at *13.
The final factor cited in support of the unconditional writ — that this would be Woodfox’s second retrial — also suffers from improper assumptions regarding the fairness of a third trial. The district court concluded that a second-retrial of Woodfox would be an unmerited “third bite at the apple for the State.” Id. The court held that this was an exceptional circumstance because Woodfox “fac[ed] perhaps another twenty years before a court determines if he was given a fair third trial.” Id. The court again improperly assumed that a state court would not provide a fair retrial and that Woodfox would have to file another round of appeals and seek postconvietion remedies. Any concerns about the fairness of the State getting a “third bite at the apple” are also irrelevant. Absent an irremediable constitutional violation, states can retry defendants successively. See Robinson v. Wade, 686 F.2d 298, 310 (5th Cir.1982) (denying habeas relief to a petitioner facing a third retrial).
Woodfox defends the seven factors identified by the district court, arguing that, taken in total, they show that there are “exceptional circumstances” barring any further retrial or reprosecution. However, the totality of the circumstances identified are not enough to merit this extraordinary remedy. The various factors are immaterial, better addressed in other proceedings, or improperly assume that state courts will be unable to provide Woodfox with a fair retrial. Federal courts have a limited role in federal — state habeas and generally should not preclude state courts from remedying constitutional errors in the first instance. The district court abused its discretion by barring retrial and by granting the extraordinary remedy of an unconditional writ.[12]
*650 IV. CONCLUSION
Because the district court abused its discretion in granting Woodfox an unconditional writ of habeas corpus and in ordering him released, we REVERSE.

. The court’s conclusion rested on the fact that counsel failed to quash petitioner’s indictment, which was obtained by "an unconstitutionally impaneled grand jury.”

. This court previously noted Woodfox’s inability to cross-examine certain witnesses and *644 the prosecutor's testimony at retrial as part of Woodfox's ineffective assistance of counsel claims in Woodfox II, 609 F.3d at 797-806.

. We note that a decision on the merits in a federal — state habeas case is reviewed under a higher threshold. Under AEDPA, we are required to defer to a state court’s adjudication of a claim on the merits unless the state court proceeding (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,” or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).

. See, e.g., Solem v. Bartlett, 465 U.S. 463, 465-66, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984) (granting an unconditional writ where a state court lacked jurisdiction over a petitioner whose crimes were committed on “Indian country,” making them within the exclusive jurisdiction of the federal courts).

. See, e.g., Smith v. Goguen, 415 U.S. 566, 571, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974) (affirming an unconditional writ granted for a conviction under a state statute that was unconstitutionally void for vagueness).

. See, e.g., Vogel v. Pennsylvania, 790 F.2d 368, 380 (3d Cir.1986) (directing the district court to "take whatever action [wa]s necessary to relieve [the petitioner] of all [the] consequences of his detention”).

. The Woodfox IV stay panel suggested that "[t]he acknowledgement of the theoretical possibility of ‘special circumstances’ [in Jones was] dictum.” Woodfox IV, 789 F.3d at 572 n. 24. However, the vitality of the “exceptional circumstances” prong is not before us today because Woodfox’s case does not present "exceptional circumstances” in any event.

. The facts of both cases are also distinguishable from Woodfox’s circumstances. Morales and D’Ambrosio involved stronger claims of actual innocence, prosecutorial misconduct, and eyewitness issues than this case. See D’Ambrosio, 688 F.Supp.2d at 728-30 (noting that the State's lone eyewitness had died and that this fact had been deliberately concealed by the prosecution); Morales, 165 F.Supp.2d at 602 (“[A]nother individual had confessed to participating in the murder and exonerated [the defendant].”).

. The Schuster decision, primarily relied on by the lower court, nowhere indicated that Schuster's age was a consideration in the unconditional writ it granted. Johnston v. Marsh, 227 F.2d 528 (3d Cir.1955), cited by Woodfox as support for the consideration of old age and health, involved a conditional release order that allowed a petitioner to remain on bail pending a merits determination of his habeas petition.

. The district court made it clear though that the validity of "the 2015 indictment [was] not before [it].” Id. at 417, 2015 WL 3549787, at *15.

. The Goodwin and Stalder opinions cited by the district court arose from a § 1983 action filed by Woodfox and two other inmates in Angola. That suit is currently pending in the United States District Court for the Middle District of Louisiana. See Wilkerson v. Stalder, No. 00-304-JJB-RLB, 2015 WL 4629300 (M.D.La. Aug. 3, 2015) (ruling on motion for partial summary judgment).

. Because we hold that the district court abused its discretion in granting the writ, we do not decide whether Younger abstention or Federal Rule of Appellate Procedure 23(d) *650 also prohibit the unconditional writ,' as the State argues.