**UNITED STATES COURT OF APPEALS**     **November 29, 2016**

**TENTH CIRCUIT**

MARCUS T. MITCHELL,

    Petitioner - Appellant,

v.

JANET DOWLING, Warden,

    Respondent - Appellee.

No. 16-5080
(D.C. No. 4:15-CV-00459-JHP-FHM)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Pro se[1] prisoner Marcus T. Mitchell appeals from the dismissal of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district

court dismissed Mr. Mitchell's petition as time barred under 28 U.S.C. § 2244(d).

Mr. Mitchell seeks a Certificate of Appealability ("COA") in order to challenge

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]  We construe the filings of pro se litigants, like Mr. Mitchell, liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153, n.1 (10th Cir. 2007). However, our role is not to serve as an advocate for such a litigant. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

this decision. Exercising jurisdiction under 28 U.S.C. § 1291, we **deny** his request for a COA and **dismiss** the matter.

## I

In 2012, Mr. Mitchell was convicted of child abuse murder (Count 1), three counts of child neglect (Counts 2–4), possession of a controlled dangerous substance (Count 7), and possession of drug paraphernalia (Count 8). *See* R. at 9 (Okla. Ct. Crim. App. Op., *Mitchell v. State*, Case No. F-2013-320 (Okla. Crim. App. Apr. 10, 2014)). He was sentenced to life imprisonment without parole (Count 1), one year in county jail (Count 2), twelve years' imprisonment (Count 3), twenty-five years' imprisonment (Count 4), and six months in the county jail on each of Counts 7 and 8. Mr. Mitchell appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). In an unpublished opinion, the OCCA affirmed Mr. Mitchell's conviction and sentence. That opinion was filed on April 10, 2014.

Mr. Mitchell filed two postconviction motions in state district court. He first filed a pro se "motion for suspended sentence" on April 16, 2014. The state trial judge denied that motion on May 9, 2014. Mr. Mitchell then filed a "request for judicial review," pursuant to Okla. Stat. tit. 22, § 982a (2011), on June 24, 2015. The trial judge denied that motion on July 28, 2015.[2] Mr. Mitchell did not

---

[2] Mr. Mitchell has not included either state-collateral-review motion in his filings. Nor do the motions appear anywhere in the record. However, we may take judicial notice of the state-court docket sheet to confirm the date that each motion was filed. *See, e.g.*, *United States v. Ahidley*, 486 F.3d 1184, 1192, n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of

file any more appeals, nor did he seek certiorari from the United States Supreme Court.

On August 17, 2015, Mr. Mitchell filed a § 2254 petition in the United States District Court for the Northern District of Oklahoma. Two days later, the district court ordered the State to show cause why Mr. Mitchell's petition should not be granted. The State responded to the district court's show-cause order with a motion to dismiss. In its supporting brief, the State argued that Mr. Mitchell's claim was time barred under § 2244(d). The State noted that the OCCA issued its order on April 10, 2014; for § 2244(d)'s purposes, the judgment became final ninety days later.[3] By the State's calculation, Mr. Mitchell's judgment became

publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system . . . .").

The docket sheet for Washington County District Court, Case No. CF-2012-088, confirms the dates that Mr. Mitchell provided. On April 16, 2014, the docket shows that he filed a "pro se motion for suspended sentence," which was denied on May 9, 2014. And on June 24, 2015, the docket shows that Mr. Mitchell filed a "request for judicial review." The state court denied that entry on July 28, 2015; the docket entry for that denial notes that Mr. Mitchell "was sentenced [on] 3-27-13," and that he "can only modify [pursuant to the statute] w/in 24 months," so his "time was up 3-27-15."

[3] The State correctly noted that, for § 2254's purposes, a judgment becomes final when the time expires for filing a petition for certiorari with the U.S. Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). *See also* Sup. Ct. R. 13(1) (setting ninety-day limit for filing a petition for a writ of certiorari).

3

final on July 9, 2014, giving him until July 9, 2015 to file his § 2254 petition. Based on that date, the State contended that Mr. Mitchell's August 17, 2015 petition came "more than one month after the expiration of" § 2244(d)'s one-year limitations period. R. at 7 (Br. Supp. Mot. Dismiss Time Barred Pet.).

In response, Mr. Mitchell argued that § 2244(d)'s limitations period should have tolled until September 3, 2015. Mr. Mitchell based his calculation on his two postconviction motions filed in state court. His first postconviction motion was pending for twenty-three days before the state court denied it; the second motion was pending for thirty-four days. Mr. Mitchell maintained that the limitations period tolled for the total time both motions were pending—fifty-seven days, in all—giving him until September 3, 2015 to file his § 2254 petition.

The district court disagreed. In its May 26, 2016 opinion and order, the court noted that the one-year limitations clock began to run only after Mr. Mitchell's judgment became final on July 9, 2014. The court then pointed out that Mr. Mitchell filed his first postconviction motion on April 16, 2014, and it was denied by the state court on May 9, 2014. The court reasoned that, because that motion was filed and denied "before [Mr. Mitchell's] convictions became final on July 9, 2014," the "pendency of [Mr. Mitchell's first postconviction motion] had no impact on the one-year limitations period." R. at 27 (Dist. Ct. Op. and Order, dated May 26, 2016).

4

The district court arrived at a similar outcome on Mr. Mitchell's second postconviction motion. The court noted that the second motion was filed on June 24, 2015, more than eleven months after Mr. Mitchell's judgment became final. So the second motion would have seemingly tolled § 2244(d)'s one-year limitations period for as long as the motion was pending in state court—in this case, thirty-four days. The court then calculated that Mr. Mitchell's deadline for filing his § 2254 petition appeared to be August 13, 2015, or one year and thirty-four days after his judgment became final.

The district court pointed out, however, that the state court denied Mr. Mitchell's second postconviction motion as untimely under Oklahoma's postconviction relief statute. The district court thus concluded that, "even if [Mr. Mitchell's second postconviction motion] qualifie[d]" as an application for state collateral review for tolling purposes, the motion "was not a '*properly filed*' application for collateral review and did not toll" § 2244(d)(2)'s limitations period. *Id.* at 29 (emphasis added). Mr. Mitchell's filing deadline of July 10, 2015 was therefore "unaffected by [his second postconviction motion]." *Id.* The court concluded on this basis that Mr. Mitchell's petition was untimely.[4] The

---

[4] We note that, even if the second postconviction motion had tolled § 2244(d)(2)'s limitations period, Mr. Mitchell's § 2254 petition still would not have been timely. Mr. Mitchell filed his petition on August 17, 2015, four days *after* the limitations period had expired based on the 34-day tolling period that would have been generated by his second postconviction motion had it been properly filed.

5

court then found that Mr. Mitchell was not entitled to equitable tolling, since he had neither argued that issue nor shown the "rare and exceptional circumstances" sufficient to warrant equitable tolling. *Id.* (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

From there, the court's conclusion was straightforward: Mr. Mitchell filed his § 2254 petition on August 17, 2015, more than a month after the July 10, 2015 filing deadline, so the petition was time barred. The court granted the State's motion and dismissed Mr. Mitchell's petition with prejudice. Mr. Mitchell then filed a notice of appeal requesting a COA to challenge the court's order.

## II

As a state prisoner proceeding under 28 U.S.C. § 2254, Mr. Mitchell must first receive a COA in order to be heard on the merits of his appeal. *See, e.g.*, *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000); *see also Gonzalez v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 649 (2012) (noting the "'clear' jurisdictional language . . . in § 2253(c)(1)"). "We may grant a COA only if the petitioner makes a 'substantial showing of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting 28 U.S.C. § 2253(c)(2)). This requires a "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

The issue becomes "somewhat more complicated" when a district court denies a petition on procedural grounds. *Id.* In that situation, the petitioner must also make a second showing: "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

Having thoroughly considered Mr. Mitchell's filing, the district court's order, and the relevant legal authorities, we conclude that reasonable jurists could not debate the correctness of the district court's procedural decision to dismiss Mr. Mitchell's petition as time barred. Accordingly, we deny Mr. Mitchell's request for a COA and dismiss the matter.

Entered for the Court

JEROME A. HOLMES
Circuit Judge

7