# United States Tax Court

161 T.C. No. 3

PIPER TRUCKING & LEASING, LLC,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 20468-21L.                    Filed September 14, 2023.

————

R assessed, through his Combined Annual Wage Reporting (CAWR) computer program, an I.R.C. § 6721(e) penalty against P for failure to file Forms W–2, Wage and Tax Statement, with the Social Security Administration. The assessment occurred without human intervention or supervisory approval. R filed a Notice of Federal Tax Lien and subsequently issued a notice of determination sustaining the lien.

*Held*: An I.R.C. § 6721(e) penalty assessed through R's CAWR computer program is not subject to the I.R.C. § 6751(b)(1) supervisory approval requirement.

————

Steven Piper (an officer), for petitioner.

*Kathryn E. Kelly* and *Justin E. Wayne*, for respondent.

## OPINION

FOLEY, *Judge*: This matter is before the Court pursuant to Rule 121 on petitioner's Motion for Summary Judgment and respondent's

Motion for Summary Judgment.[1] The primary issue for decision is whether a section 6721(e) penalty, assessed through respondent's Combined Annual Wage Reporting (CAWR) computer program, requires supervisory approval pursuant to section 6751(b)(1).

*Background*

Petitioner, Piper Trucking & Leasing, LLC, is a single-member limited liability company. Petitioner's principal place of business is Celina, Ohio.

Employers are required to file Form W–2, Wage and Tax Statement, and Form W–3, Transmittal of Wage and Tax Statement, with the Social Security Administration (SSA). The SSA sends two warning letters to employers that fail to file these forms. The first letter informs the employer to either respond or file the missing forms. The second letter warns the employer that the matter will be referred to the Internal Revenue Service (IRS) to determine whether penalties are applicable. If an employer fails to respond to both letters, their name is added to a database. Every year the SSA transfers this database to the IRS. Following the transfer of the database, the CAWR computer program automatically sends the employers in the database a Letter 98C asserting a section 6721(e) penalty. If the employer does not respond to the Letter 98C, the IRS, through the CAWR computer program and without any human intervention, assesses the section 6721(e) penalty.

In a Letter 98C dated May 29, 2018, respondent asserted a section 6721(e) penalty. Petitioner did not respond. On March 4, 2019, respondent assessed, through his CAWR computer program, a section 6721(e) penalty against petitioner for failure to file, with the SSA, Forms W–2 relating to 2015. Petitioner did not pay the section 6721(e) penalty, and, on September 17, 2019, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 relating to 2015. In a timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated October 24, 2019, petitioner requested a lien withdrawal and submitted a Form 2848, Power of Attorney and Declaration of Representative.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

In a letter dated May 28, 2020, respondent informed petitioner that its telephonic collection due process (CDP) hearing was scheduled for June 24, 2020, and requested that petitioner complete Form 433–B, Collection Information Statement for Businesses, and file its Form 940, Employer's Annual Unemployment (FUTA) Tax Return, relating to 2019. Neither petitioner nor its representative attended the June 24 hearing.

Respondent scheduled a telephonic CDP hearing for June 30, 2020. Petitioner's representative attended and agreed to send the required documentation by July 15, 2020. Petitioner did not submit the documents, and after July 15, 2020, the parties had no further discussions. Petitioner did not propose a collection alternative or dispute the underlying liability.

Respondent, on April 30, 2021, issued petitioner a Notice of Determination Concerning Collection Actions under IRC Sections 6320 or 6330 sustaining the lien filing. On June 4, 2021, petitioner timely filed its Petition with the Court. On May 19, 2022, the Court filed respondent's first Motion for Summary Judgment. Petitioner did not file a response. By order dated September 27, 2022, the Court denied respondent's first Motion for Summary Judgment because respondent failed to produce evidence that the underlying section 6721(e) penalty met the section 6751(b)(1) supervisory approval requirement. On November 9, 2022, the Court filed respondent's second Motion for Summary Judgment. On December 5, 2022, the Court filed petitioner's Motion for Summary Judgment.

*Discussion*

Section 6751(b)(1) provides that no penalty shall be assessed unless the initial determination to assert penalties is approved in writing by the immediate supervisor of the person making the determination. Section 6751(b)(2)(B) provides that penalties "automatically calculated through electronic means" are not subject to the section 6751(b)(1) supervisory approval requirement.

Because petitioner failed to respond to the Letter 98C, the underlying section 6721(e) penalty was determined through respondent's CAWR computer program and did not involve human intervention. Therefore, the underlying section 6721(e) penalty was "automatically calculated through electronic means." *See Walquist v. Commissioner*, 152 T.C. 61, 70 (2019) (concluding that an accuracy-

related penalty issued without human intervention through the IRS's Correspondence Examination Automated Support computer program was automatically calculated through electronic means). Thus, section 6751(b)(2) dictates, and we hold, that a section 6721(e) penalty assessed through respondent's CAWR computer program is not subject to the section 6751(b)(1) supervisory approval requirement. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("It is well established that, when the statutory language is plain, we must enforce it according to its terms.").

Section 6330 provides that during a CDP hearing a taxpayer may raise relevant issues such as spousal defenses, the appropriateness of the proposed collection action, and possible collection alternatives. *See* § 6330(c)(2)(A); *see also* § 6320(c). The Court cannot consider issues that were not raised during a CDP hearing. *See Giamelli v. Commissioner*, 129 T.C. 107, 114 (2007). Because petitioner failed to dispute the underlying liability, the underlying liability is not at issue. *See* § 6330(c)(2)(B); *Giamelli*, 129 T.C. at 113–14. Accordingly, we review the Commissioner's administrative determinations for abuse of discretion. *See Pough v. Commissioner*, 135 T.C. 344, 351 (2010); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000).

Petitioner did not propose a collection alternative, failed to provide the requested financial information, and was not current on its filing obligations. Therefore, petitioner was not eligible for collection alternatives or withdrawal of the lien. *See McLaine v. Commissioner*, 138 T.C. 228, 243 (2012); *Pough*, 135 T.C. at 351. The underlying penalty did not require section 6751(b)(1) supervisory approval. Accordingly, respondent's Appeals officer was not required to verify approval of the underlying penalty prior to issuing the notice of determination. *See* § 6330(c)(3)(A). The Appeals officer met the requirements of section 6330(c), and respondent did not abuse his discretion. *See Nestor v. Commissioner*, 118 T.C. 162, 166 (2002); *Lunsford v. Commissioner*, 117 T.C. 183, 187–88 (2001).

Respondent has established that there is no genuine dispute relating to any material fact and that he is entitled to judgment as a matter of law. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Accordingly, pursuant to Rule 121, summary judgment in favor of respondent is appropriate.

*An appropriate order and decision will be entered.*